<hr />

[No. 3971. Decided February 18, 1902.]

HATTIE E. BRANSCHEID, *Respondent,* v. WILLIAM H. BRANSCHEID, *Appellant.*

HUSBAND AND WIFE — ACTION FOR SEPARATE MAINTENANCE — SUFFICIENCY OF COMPLAINT.

In an action for maintenance brought by a wife on the ground that she was compelled to live separate and apart from her husband, the complaint states a cause of action when it alleges that plaintiff has at all times since marriage conducted herself as a true and affectionate wife, and has at all times done all in her power to contribute to the domestic happiness of her husband and child, but that her husband refuses to receive or treat her as his wife, has repeatedly declared he would not again live with her nor maintain herself nor child, and has ever since a specified date contributed nothing whatever to her support.

SAME — STATUS OF REAL PROPERTY — POWER OF COURT TO DETERMINE.

In an action brought by the wife for separate maintenance, the court has jurisdiction to determine the status of their real estate, under Bal. Code, § 5723, which provides that "in granting a divorce the court shall also make such disposition of the property of the parties as shall appear just and equitable."

SAME — DIVORCE — CRUEL TREATMENT — PLEADING.

A wife's lack of interest in her husband and his affairs, her refusal to enter into the mode of life which he desired to follow socially, her constant repining, and the fact that she was moody, whimsical, exacting and irascible would not constitute cruel treatment, even though causing her husband mental suffering.

SAME — ADMISSIBILITY OF EVIDENCE.

Under the rule that acts which are sought to be proven for the purpose of showing cruelty must be specifically alleged, it was not error for the court to reject proof that defendant had denied plaintiff the customary marital rights, when the cross-complaint failed to set up that fact.

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge. Affirmed.

*George W. Fogg,* for appellant.

*Bates & Murray,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action on the part of respondent to obtain a decree for separate maintenance on the ground that she was living separate and apart from appellant without her fault, and an action on the part of appellant by cross-complaint to obtain a decree of divorce *a vinculo.* Upon the trial of the cause the cross-petition of the appellant for a divorce was denied. Certain property was decreed to be the separate property of the respondent, and she was granted $30 a month as maintenance, to be paid by the appellant. From this decree this appeal is taken, and many errors are alleged, the first of which is that the complaint for separate maintenance did not state a cause of action. It is the law of this state that a wife may bring an action for maintenance independent of an action for divorce (*Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216), and we think the complaint in this case is sufficient to

maintain such an action. The appellant asserts that the complaint is defective, in that it fails and omits to state that at the time of the commencement of this action the respondent was living separate and apart from her husband *without her fault,* and contends that, unless this is alleged and proven, no recovery can be lawfully had or relief granted. A demurrer was interposed to the complaint on this ground, which was overruled, but we think the complaint is not vulnerable to this objection, and that it does state, in substance, that the plaintiff was without fault. Paragraph 4 of the complaint is as follows:

"That during all of the time from the marriage of the plaintiff and the defendant until the present time, except as hereinafter stated, plaintiff and defendant have lived together as husband and wife; that at all times since the marriage of the plaintiff and the defendant, the plaintiff has conducted herself as a true and affectionate wife, and has at all times done all in her power to contribute to the domestic happiness of her husband and herself and her child."

No particular words are necessary in a pleading of this kind, but it must necessarily follow that, if the allegation of the complaint be true that at all times since the marriage the plaintiff has conducted herself as a true and affectionate wife and has at all times done all in her power to contribute to the domestic happiness of herself and husband and child, so far as the subject of this controversy is concerned, she must have been without fault. Paragraph 6 alleges "that upon her arrival in Tacoma, her husband refused to receive her as his wife, and has ever since her arrival refused to receive or treat her as his wife, and has since her arrival repeatedly declared to her that he would not again live with her and would never again support or maintain herself or her said child, and has continually

refused and still refuses to live with her or to contribute
to the support of herself and her child, or to receive her to
himself as his wife or sustain any marital relation with
her;" and that he has ever since the month of August, 1900,
contributed nothing whatever to her support.   This is cer-
tainly a good allegation of refusal to maintain, which,
coupled with the allegations in paragraph 4, just noticed,
makes a good complaint for separate maintenance.   The
right of the court in an action for separate maintenance
to determine the status of real estate is questioned by the
appellant, but we think that this was pre-eminently a
proper action in which to determine that question.   The
statute provides that these questions may be determined
between the spouses in actions brought for that purpose;
and this was one of the purposes of the action, and a de-
cree of this kind was sustained in *Kimble v. Kimble,
supra.*

The next material contention is that the court erred in
not granting appellant a decree of divorce under his cross-
complaint, and this, we think, is the most serious question
in the case.   But, after due reflection, we have concluded
not to interfere with the decree of the lower court.   This
appellant and respondent had been married some seventeen
years.   A little more than a year preceding the commence-
ment of this action the respondent left Tacoma, and went
to San Francisco, where her mother and grandfather lived,
for the purpose, as she testifies, of submitting herself to
medical treatment.   The correspondence between the par-
ties for some months after leaving home was of a friendly
nature, and did not indicate any serious difficulty between
them.   But for a few months prior to her return to Tacoma
the husband indicated to her by letters that he did not
desire to live with her further; that she had not been

able or inclined to make his life a happy one; that certain actions on her part had rendered him miserable, and had a tendency to undermine his health; and that he thought it would be best for all parties concerned to obtain a divorce. These letters show conclusively that the husband had determined to abandon his wife, or had determined not to live with her. An excerpt from his last letter is as follows:

"I need not repeat; my letters in your possession cover my case. I note the date of your proposed return hither, but fail to see the object to be accomplished by your return to Tacoma, since the misery I have suffered through your conduct towards me has been for many years more than I could endure, and more than I can bring myself te take the chance of suffering again, and as my letters have already advised you, I have irrevocably determined not to renew the unhappiness of the past by a resumption of our former relations."

Again, in a letter dated November 2, 1900, occurs the following: "I have the common right of every creature to terminate a relation that has long since brought me naught but misery and distress." We quote these expressions simply to show the determination of the husband to no longer live with his wife, and as bearing upon the testimony in relation to what was said between the husband and wife at their meeting at the Rochester hotel after her return to Tacoma. It would be useless to undertake to spread out in this opinion the testimony in this case, or to comment upon it at any length. In addition to the fact that the criticism made by appellant on plaintiff's complaint that she was not without fault, and therefore could not obtain any separate maintenance, that criticism might be aptly applied to appellant's cross-complaint; for, while alleging the delinquencies of the respondent, and the hard-

ships borne by the appellant, it is nowhere alleged in terms or by implication that the appellant was without fault. But, so far as the testimony shows, we are unable to come to the conclusion that any act or acts of the respondent justified the appellant in his determination to break up the marital relations. No overt act is charged, but the contention is that the wife, by her lack of interest in her husband and his affairs and by her refusal to enter into the mode of life which he desired to follow socially, and her constant repining, rendered him miserable, and constituted cruel treatment. We should judge from the testimony that the respondent was not a very agreeable wife; that she was moody, whimsical, exacting, and irascible; and that she was not as considerate of her husband as many wives are. But it is not the policy of the law to grant husbands divorces from wives who are not patterns of domestic amiability. It is very seldom, if ever, that the fondest hopes of wedded bliss are realized by either spouse. It is a psychological impossibility for two positive natures to dwell together in the intimate relationship of man and wife, contending with all the trying circumstances which are necessarily incident to such relationship, without some friction and irritation. It must necessarily be the duty of each to bear and forbear, to the end that the yoke may rest as lightly as possible on both. It is not given to every man to live with the most amiable and unselfish woman, and he can be relieved from his contract to cherish and protect only when it appears that the alleged bad actions of his wife reach beyond the line of human frailties which are ordinarily expected of wives under like circumstances. One of the circumstances surrounding this wife was that she was ill, and had been for many years, and that the character of her illness tended to create nervousness, irri-

tability, and hysteria, which in itself is nerve-destroying, will-destroying, and a disease which probably merits more and receives less sympathy than almost any other disease which flesh is heir to.  We feel certain from our investigation of the record that at the time the respondent went to California for treatment, and for several months after, there was no intention on the part of the husband to disturb the conjugal relations; that such a thought came to him during his wife's absence; and that she was very much shocked and distressed when he first made it known to her. There is some testimony in relation to interference on the part of the mother of the wife, and possibly this family would have got along better had there been no relations with her whatever; but the wife, of course, had a right to enjoy the society of her mother, and we are not able to say that any undue influence was brought to bear upon her by her mother which affected her relations with her husband. The appellant undertook to introduce testimony showing that the respondent had denied appellant the customary marital rights.  This was objected to, and the testimony was overruled by the court on the ground that no such allegations had been made in the complaint.  We think the rule is well established that acts which are sought to be proven for the purpose of showing cruelty must be specifically alleged, and that under the allegations of the cross-complaint in this case no notice was given to the respondent that she would have to meet such accusations.  The appellant then offered to amend the complaint in that respect, but the court refused such amendment on the ground that the trial had proceeded so far that he thought it would not be justice to allow the amendment at that time.  The action of the court in this respect is not alleged as error, and we will therefore not discuss it.  But, even if such

testimony were properly admissible, the authorities are divided on the proposition of whether the refusal of marital rights by either spouse is ground for divorce. Under some circumstances it has been so held in some jurisdictions, but never, we think, under circumstances such as are shown by the record in this case, where the wife was shown to have been suffering with female diseases.

We have examined with care all the errors assigned, but, without especially discussing them, we are satisfied from the whole record that no error was committed by the court, and that substantial justice was done in the premises.

The judgment will therefore be affirmed.

REAVIS, C. J., and WHITE, FULLERTON, MOUNT, ANDERS and HADLEY, JJ., concur.