[No. 6445. Decided February 27, 1907.]

V. M BOND, *Appellant*, v. J. M. BOND, *Respondent*.[1]

HUSBAND AND WIFE—SEPARATE MAINTENANCE—EVIDENCE—SUFFICIENCY. The evidence is sufficient to establish that a wife is entitled to separate maintenance, and it is error to dismiss an action therefor, where it appears that her husband required her to live with his father and stepmother and two grown children, where she was required to do more menial work than her health would stand and became sick in body and mind by reason thereof, and was then treated with contempt by the other members of the family.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 9, 1906, dismissing, at the close of plaintiff's case, an action by a wife for separate maintenance. Reversed.

*Richardson, Roche & Onstine*, for appellant, cited: 15 Am. & Eng. Ency. Law (2d ed.), 886; *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216; *Obrock v. Obrock*, 32 Ill. App. 149; *Shinn v. Shinn*, 51 N. J. Eq. 78, 24 Atl. 1022; *McGrady v.*

[1]Reported in 88 Pac. 943.

512     BOND v. BOND.

Opinion Per MOUNT, J.     [45 Wash.

*McGrady*, 48 Mo. App. 668; *Baier v. Baier*, 91 Minn. 165, 97 N. W. 671; *Mellanson v. Mellanson*, 113 Ill. App. 81.

*Barnes & Latimer (John L. Wiley*, of counsel), for respondent, cited: *Rhame v. Rhame*, 1 McCord Ch. (S. C.) 197, 16 Am. Dec. 597; *Finley v. Finley*, 9 Dana (Ky.) 52, 33 Am. Dec. 528; *Giese v. Giese*, 107 Ill. App. 659; *Carr v. Carr*, 22 Gratt. (Va.) 168; *Schindel v. Schindel*, 12 Md. 294.

MOUNT, J.—The appellant brought this action in the lower court against her husband for separate maintenance, upon the ground that she could not endure the home furnished by respondent by reason of the treatment she received from relatives of the respondent living therein, and that on account thereof her health was broken and she was, for that reason and without fault of her own, compelled to leave the said home, and respondent refused to go with her or to furnish her means for livelihood elsewhere. The alleged grounds for separate maintenance were denied by respondent, and the case came on for trial before the court without a jury. After the plaintiff had rested her case, counsel for respondent moved the court to dismiss the action, upon the ground that the complaint failed to state a cause of action, and also because the facts proven were not sufficient to make a case for separate maintenance. The trial court sustained the motion upon the last-named ground, and dismissed the action. Plaintiff prosecutes this appeal.

The evidence on the part of the plaintiff shows the following facts: She and defendant were married at Spokane on August 16, 1905. For a period of about two months before the marriage, plaintiff lived at the home of the defendant, who was residing with his father and stepmother. The family consisted of defendant's father and stepmother, the father having two children by a former wife, viz., this defendant and a sister, both grown, the stepmother having a daughter by a former husband. This daughter was about fourteen years of

age. Prior to the marriage of the plaintiff with the defend-
ant, the plaintiff and all the members of the family got along
nicely together. The marriage took place at the home of
defendant's father, and plaintiff and defendant continued
to live there. About six weeks after the marriage some dif-
ficulty arose between plaintiff and defendant's stepmother
and other members of the family concerning the amount of
work to be done. This trouble continued until finally defend-
ant's stepmother refused to speak to the plaintiff. The plain-
tiff was required to do, and did, a large amount of the house-
hold work, such as washing, scrubbing, sweeping, etc. Prior
to her marriage, she had done no work of this character. She
was a frail, educated, and refined girl, of twenty-two years
of age, and for four and a half years had worked as a clerk
in a store in Spokane, and was unaccustomed to household
menial work. On account of her household duties and of her
trouble with defendant's people, she became weak and sick
and unable to work. She informed her husband of her trouble
and asked him to find a home of their own where they could
be alone together. He refused this, on the ground that he
was under obligations to his father to pay him $50 a month
on a contract, and that the balance of his salary, viz., $55
per month, was not sufficient for the support of plaintiff
and defendant. Thereafter when plaintiff was treated with
contempt by members of the family except the defendant,
and she had become nervous and sick and weak, she told her
husband that she could no longer live at the home of her
father-in-law, and that she must go away. Defendant told
her she might go, but that he would not go with her nor sup-
port her elsewhere. She thereupon went to her sister's home,
where she had lived prior to her marriage, and thereafter re-
quested defendant to furnish her means of support, which
defendant refused to do. She thereupon brought this action.

We think the facts here shown are sufficient to warrant a
decree for separate maintenance. It is true the husband may

select the home and provide for his wife as his means and station in life will justify, and that when he has done this courts will not interfere to require more. The rule is a reasonable rule, and founded upon justice. The defendant in this case was, no doubt, justified in taking his wife to his father's home under the circumstances existing at that time, and she was, no doubt, required to make herself as agreeable and useful therein as a reasonable person should. But when she had done that and was then treated with contempt and disdain by members of the family, and was required to do more menial work than her health would stand, and when she had become sick in body and mind by reason thereof, we think it was the duty of the husband to make provision for her in some other place within his means, and that a refusal on his part to do so amounted to abandonment. She was then at liberty to find an agreeable place where her peace of mind and health might be restored. Defendant was earning $105 per month. If it was true that he was obliged to pay $50 thereof on account of a contract with his father, it was also his duty to apply sufficient of the balance to the care of his wife.

The judgment of dismissal is, therefore, reversed, and the cause remanded for a new trial, at which the plaintiff may use the whole of the evidence taken upon the former trial, or such parts of that evidence as she desires.

HADLEY, C. J., FULLERTON, ROOT, and DUNBAR, JJ., concur.

RUDKIN and CROW, JJ., took no part.