[No. 8986.   Department One.   November 26, 1910.]

ALICE HERRETT, *Respondent*, v. ATHELTON U. HERRETT, *Appellant*.[1]

HUSBAND AND WIFE—SEPARATE MAINTENANCE—ABANDONMENT—EVIDENCE—SUFFICIENCY.   An abandonment of a wife is shown where, although the parties continued to live in the same house, the husband refused to treat her as his wife, or converse with her, or allow her credit for necessities, and insisted upon her getting a divorce.

SAME—NONSUPPORT—EVIDENCE—SUFFICIENCY.   The evidence justifies a decree for separate maintenance, although the husband allowed the wife to live in the same house and provided groceries and paid laundry and doctor's bills, where he had abandoned her, refused her credit for clothing, and by his treatment sought to force her to obtain a divorce.

SAME—ALLOWANCE—AMOUNT.   Separate maintenance in the sum of $50 per month, $220 for money borrowed, and $75 attorney's fees, is justified, where the community property was valued at $30,000.

Appeal from a judgment of the superior court for King county, Main, J., entered March 12, 1910, upon findings in favor of the plaintiff, in an action for separate maintenance. Affirmed.

*Thomas B. MacMahon*, for appellant.

*Smith & Cole*, for respondent.

MOUNT, J.—This action was brought by the respondent for separate maintenance.   After issues were joined, the court upon the trial of the case entered a decree requiring the defendant to pay the plaintiff $50 per month for her separate personal maintenance, the sum of $220 money borrowed by her, and $75 for attorney's fees herein.   The defendant has appealed from the decree.

The appellant seeks a reversal upon two grounds, viz., that the complaint does not state a cause of action, and that the evidence is insufficient to support the decree.   The complaint

[1]Reported in 111 Pac. 867.

alleges, in substance, that the parties were married in the year 1895; that there were born to them five children, the youngest being two and the oldest twelve years of age at the time the action was begun; that the parties lived together harmoniously till about a year prior to the commencement of the action, when plaintiff by reason of ill health was obliged . to, and did, with her husband's consent, leave her home for a short time to restore her health; that while absent the defendant caused to be communicated to her his desire that she should not return home, as his affections for her had abated; that she thereupon returned to her home at once; that defendant's attitude and demeanor thereafter were indifference and neglect towards her, and finally a refusal to extend to her the ordinary care and courtesies of a husband; that for a year prior to the commencement of the action, the parties, while residing in the same house, had not cohabited, and for more than three months the defendant had not addressed plaintiff, had refused to converse with her, had repeatedly urged her to secure a divorce from him, and that he had refused to give her the means for providing for herself the comforts and necessaries of life, and had refused her credit with merchants for her personal needs, and that she had been obliged to borrow money with which to provide for her personal needs; that by reason of his conduct, her health has become impaired, and she is in distress; that during all the time the plaintiff was a faithful wife attending to her household duties, and the husband was a successful merchant with ample means to provide comfortably for the plaintiff.

The appellant conceded that the rule is established in this state by the decisions in *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216; *Branscheid v. Branscheid*, 27 Wash. 368, 67 Pac. 812; *Schonborn v. Schonborn*, 27 Wash. 421, 67 Pac. 987, and *Bond v. Bond*, 45 Wash. 511, 88 Pac. 943; "that courts have jurisdiction to grant separate maintenance to the wife without divorce. To maintain the action, it is sufficient for the complaint and the facts to show an abandonment without

cause, and a neglect or refusal on the part of the husband, having ability, to support his wife, or such neglect as amounts to refusal." *Schonborn v. Schonborn, supra.*

But it is contended that the complaint shows that the parties are still living together. Upon that theory, a long argument is made that the court has no jurisdiction to award separate maintenance. If the contention were correct that the complaint shows that the parties were still living together as man and wife, there would be much force in the argument of counsel. But the complaint and the proof in support thereof show that, while the parties were and are still living in the same house, they are not and have not lived together as man and wife for more than a year; and for three months prior to the suit, the appellant had even refused to converse with the respondent, and had refused her credit for clothing, etc.; that while living in the same house, they were actually separated as much as if they lived in different houses or in different communities. The complaint shows, and the allegations are fully supported by the evidence, that the appellant actually abandoned the respondent and refused to treat her as his wife, although he permitted her to remain in the same house where he lived; and as accentuating the abandonment, he insisted that she should obtain a divorce from him. These allegations of the complaint are clearly sufficient to show an abandonment of the respondent by the appellant.

It is next urged that the evidence is insufficient to justify separate maintenance, because the respondent testified that the appellant has provided groceries and paid for the laundry and medicines and doctor's bills, and bills of that character. But it was shown conclusively that the appellant does not live with the respondent as his wife, and does not intend to do so; that he had made numerous requests for her to get a divorce; that he had refused her credit for clothing and had notified merchants not to give her credit. The evident purpose of the appellant was to abandon his wife while apparently

living with her in the same house, and thus by such treatment force her to obtain a divorce. This she refused to do. It is as much the duty of the husband to supply his wife with clothing befitting her station in life as it is to furnish her with groceries and such like. The evidence shows, and the court found, that the property was of the value of $30,000. It was all community property. We think the evidence was ample to justify the court in awarding the respondent $50 per month for her personal maintenance, and also the other allowances which were made.

The judgment is therefore affirmed.

RUDKIN, C. J., GOSE, FULLERTON, and PARKER, JJ., concur.