[No. 16768.    Department Two.    March 17, 1922.]

JULIETTA MORDEN, *Respondent*, v. JONATHAN MORDEN, *Appellant*.[1]

DIVORCE (8)—HUSBAND AND WIFE (106)—GROUNDS—INABILITY TO LIVE TOGETHER—SEPARATE MAINTENANCE. A divorce should not be granted on account of inability to live together, where the husband was at fault under flagrant circumstances making it against public policy, but the wife's plea for separate maintenance should be granted.

HUSBAND AND WIFE (111)—SEPARATE MAINTENANCE—AMOUNT OF AWARD AND RELIEF. In an action for separate maintenance, the court has power to award monthly payments of $75 out of earnings of $168, together with costs of suit and $100 attorney's fees.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 30, 1921, upon findings in favor of the plaintiff, in an action for separate maintenance, tried to the court. Affirmed.

*E. C. Million,* for appellant.

*C. L. Parker,* for respondent.

HOLCOMB, J.—Respondent sued for separate maintenance from appellant, and when appellant answered, he also cross-complained for divorce, alleging cruelty, consisting of nagging, fault-finding, and harsh and opprobrious epithets on the part of respondent to appellant.

At the trial, respondent consented that her complaint might be considered a complaint for divorce, should the court consider a divorce proper and necessary.

[1]Reported in 205 Pac. 377.

The court did not so consider, notwithstanding both parties testified that they could no longer live together as husband and wife, and respondent insisted that, by reason of the preference of appellant for another woman and his apparent attachment for the other woman, she could not longer live with him as his wife.

Appellant insists that, because it was incontrovertibly established that the parties can no longer live together as husband and wife, a divorce should have been granted to one or the other, or both, instead of the decree of separate maintenance which was made.

The evidence showed very conclusively that respondent was not at fault, and appellant was. The parties had lived together as husband and wife for thirty-three years. At the time of trial, respondent was fifty-seven years of age, and appellant fifty-two. They had raised a family of four children, who had reached maturity. Respondent had always been a kind, affectionate wife, and an excellent housewife. They had never had any trouble whatsoever until appellant was discovered paying attentions to the other woman whose meretricious disposition is proven by the circumstances that she went boldly to the home of these parties, accompanied by her husband, and begged respondent to free appellant by divorce, and her husband would free her (which he did), and she and appellant could then marry. Respondent refused. Respondent frequently tried to induce appellant to forsake the other woman.

A decree of divorce which would free the incontinent husband, under such flagrant circumstances, would be against public policy and abhorrent.

Respondent evidently hopes, as did the trial judge, that some time the recreant husband will return to his senses and his conjugal fealty. Under the system in force in this state, an innocent wife has such right.

It is true appellant has contributed by far the greater part of his earnings to his wife to be expended by her, up to the eve of trial, and quitclaimed all his right in and to the small real property to her. In all our separate maintenance actions the husband has not only been guilty of dereliction of duty towards the wife, but has furthermore failed or refused to contribute sufficiently for her maintenance. But divorce and equity courts have very wide and extensive powers over the parties and their property in such actions, and we think that the equity powers of the court extend to cover such a case as this, requiring appellant to live separate and apart from the wife and contribute $75 per month out of his monthly earnings of $168, pay the costs of suit, and $100 attorney's fees.

Decree affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.