[No. 19047.  Department One.  February 25, 1925.]

CHARLES KRIEGER, *Respondent,* v. ANNA KRIEGER, *Appellant.*[1]

DIVORCE (63)—ATTORNEY'S FEES AND SUIT MONEY—ALLOWANCE—DISCRETION.  It is an abuse of discretion to refuse to allow suit money and attorney's fees to a wife, sued for a divorce, where it appears that she has no funds with which to present her defense to the action.

Appeal from an order of the superior court for King county, Brinker, J., entered November 6, 1924, denying temporary attorney's fees and suit money in an action for divorce.  Reversed.

*Ralph Woods,* for appellant.

*Wm. T. C. Ball,* for respondent.

ASKREN, J.—This appeal is from an order denying temporary attorney's fees and suit money to a wife, defendant in a divorce action.  The facts may be briefly stated as follows:

The husband, a resident of Seattle, brought action there for divorce upon the grounds of cruelty and desertion.  The wife filed a motion asking the court to require the husband to pay $150 temporary attorney's fees, $50 suit money, and $30 per month for the support of herself and her two minor children.  At the

[1]Reported in 233 Pac. 306.

same time she filed her affidavit setting forth that she had a good and meritorious defense to the divorce action; that she had no money with which to defend the same; that she was a resident of Tacoma, but was temporarily employed in Aberdeen, where she then resided with her two minor daughters, aged seven and five years; that her wages were $60 per month, which was hardly sufficient to support herself and the children; that, at the time of the separation of the parties, the plaintiff gave her a deed to some property in Everett, but that the property was heavily encumbered and she was obliged to sell the same and received only $50 for her equity. She further alleged that the plaintiff was employed on a railroad and his wages were from $140 to $200 per month. The husband filed a counter-affidavit in which he reiterated the charge of desertion; alleged that his wife earned $4 per day; that his wages were only the sum of $120 per month; that he had the custody of one of the children of the parties, a boy aged eleven years, and that he was required to expend $96 per month to maintain a home for himself and child; that, at the time of their separation, he gave his wife certain property in Everett, together with household furniture and $70 in cash, and since then had regularly contributed $20 per month for the children in the mother's custody; that he was wholly unable to pay anything as attorney's fees or suit money, but that he was willing to continue the payment of $20 per month for the support of the minor children residing with the mother.

Upon considering the affidavits, the superior court made an order requiring the husband to continue the payments of $20 per month, but denied the motion as to attorney's fees and suit money, from which order the defendant appeals.

It is the contention of the appellant that the court erred in refusing these allowances, while the respondent claims that the matter rests solely in the discretion of the trial court. We have held in a long line of cases that the allowance of attorney's fees and suit money is a matter falling within the discretion of the trial court. *Lee v. Lee,* 3 Wash. 236, 28 Pac. 355; *Willey v. Willey,* 22 Wash. 115, 60 Pac. 145, 79 Am. St. 923; *Arey v. Arey,* 22 Wash. 261, 60 Pac. 724; *Griffith v. Griffith,* 74 Wash. 284, 133 Pac. 433; *Fitzpatrick v. Fitzpatrick,* 105 Wash. 394, 177 Pac. 790.

It may be admitted that such matters rest within the discretion of the trial court and will not be reversed except for abuse of discretion. We think, however, that the facts in this case show such an abuse. It is clear from the affidavits that the wife has no money other than her daily wages; that the amount received therefrom, to wit, $60 per month, together with the additional allowance of $20 per month received from respondent, cannot be sufficient to maintain the wife and the two minor daughters and at the same time allow her funds to secure counsel, marshal her witnesses in the city of Seattle and proceed to trial. While it is not the rule that a husband must under all circumstances provide money to the wife for attorney's fees and suit money in a divorce action, yet when it appears that the husband brings his wife into court, and that she has no funds with which to present her side of the controversy, it is the duty of the court to allow such provision in order that her case may be fairly heard.

There is no class of cases in which the court should more jealously guard the right of a party to be heard, and to deny a wife funds with which to bring her witnesses and secure counsel is, in effect, to deny her any hearing whatsoever.

The order of the trial court is reversed, with instructions to enter an order allowing appellant $50 suit money and $50 temporary attorney's fees, in addition to the $20 per month for the support of the minor children of the appellant, already provided for in the court's order.

TOLMAN, C. J., MAIN, PARKER, and BRIDGES, JJ., concur.