[No. 20759. Department Two. November 22, 1927.]

CHARLOTTA R. SUTTON, *Appellant,* v. HENRY G. SUTTON, *Respondent.*[1]

[1] HUSBAND AND WIFE (106)—SEPARATE MAINTENANCE—GROUNDS—ABANDONMENT—MISCONDUCT. An action for separate maintenance may be based upon abandonment where the wife was compelled to live separate and apart from the husband by reason of his conduct constituting abandonment of the marital relation.

[2] SAME (109)—SEPARATE MAINTENANCE—PLEADING—COMPLAINT—SUFFICIENCY. A complaint states a cause for separate maintenance where it alleges abandonment, without praying for a divorce, and is not objectionable because there is no hope for reconciliation.

[3] SAME (109)—PLEADING AND DEFENSES—ABANDONMENT. A supplemental complaint for separate maintenance on the ground of abandonment will be upheld if it alleges an abandonment at the time it was filed.

[4] SAME (109). A supplemental complaint for separate maintenance on the ground of abandonment, alleging that the defendant had "removed" from their domicile since the action was commenced, does not show that there was no abandonment prior to such removal.

[5] SAME (109)—PLEADING AND DEFENSES—FAILURE TO PROVIDE. A complaint for separate maintenance sufficiently shows defendant's failure to adequately provide for plaintiff, where it appears that he had a regular salary of $180 per month, and earned forty dollars monthly additional, and offered to provide but fifty dollars for plaintiff's support.

Appeal from a judgment of the superior court for King county, Findley, J., entered May 3, 1927, dis-

[1]Reported in 260 Pac. 1076.

missing an action for separate maintenance, upon sustaining a demurrer to the complaint. Reversed.

*Ryan & Desmond,* for appellant.
*Caldwell & Lycette,* for respondent.

Holcomb, J.—This action was brought by appellant against respondent for separate maintenance. The court sustained a demurrer to the amended and supplemental complaint, which, in substance, alleged:

That, since the year 1923, respondent has been cross, sullen, cold and indifferent to appellant, and during that time has continuously neglected her, and during most of that time has absented himself from the home of the parties and failed to show her any attention, affection or companionship; that, since August, 1926, he has been mean and abusive to her, frequently cursing her, without provocation, and on one occasion, in October, 1926, while in a fit of anger, he struck her and injured her to such a degree that she required medical attention; that respondent has become enamored of a certain woman (naming her) and has been devoting his time and attention to her, frequently being with her in restaurants, cafes and hotels, and has transferred to her all the former affection that he bore to appellant; that by reason of such misconduct, appellant has suffered such great mental anguish and distress as to impair her health, necessitating the care of a physician; that, by reason of such misconduct on the part of respondent, appellant can no longer live with him as his wife; that, upon respondent being served with summons and complaint in the action, he removed from the domicile of the parties, and is now living separate and apart from appellant; that, by reason of appellant's impaired physical condition, she is unable to sustain and support herself, and has made demand

upon respondent that he adequately provide for her support and maintenance, but he has refused to pay her any sum in excess of fifty dollars per month, which amount is wholly insufficient; that appellant has no funds with which to prosecute this action or provide for her support and maintenance. It is also alleged that the parties have no minor children.

Appellant elected to stand upon the amended and supplemental complaint, upon which judgment of dismissal followed, from which this appeal is taken. The theory of respondent, accepted by the trial court, was that the action for separate maintenance would lie only where abandonment or non-support were alleged.

In support of his contention, respondent insists that the action of the trial court was proper, because: (1) No showing was made that the husband had abandoned the wife without just cause; (2) no showing was made that the husband refused and neglected to support her; (3) no showing was made that the wife was living apart from the husband at the commencement of the action; (4) no showing was made as to what amount is claimed to be necessary; (5) that the complaint shows that appellant was being adequately supported; (6) that the separation was caused by the wife; (7) that appellant is estopped to claim separate maintenance by refusing the husband the right to resume marital relations.

[1] Regarding the first contention of respondent to sustain the order of the trial court, that abandonment without just cause is essential to warrant separate maintenance, respondent cites our cases: *Schonborn v. Schonborn*, 27 Wash. 421, 67 Pac. 987; *Loeper v. Loeper*, 81 Wash. 454, 142 Pac. 1138; *Motley v. Motley*, 117 Wash. 234, 200 Pac. 1099; *Herrett v. Herrett*, 60 Wash. 607, 111 Pac. 867.

The principles determined in those cases were summed up in the *Loeper* case, *supra*, where it is said

that, under these authorities (citing previous cases), it was necessary for the appellant to show (a) that her husband had abandoned her without cause, or that *she was compelled to live apart from him because of conduct on his part,* which in law constituted an abandonment; and (b) that, having the ability to support her, he neglected or refused so to do.

Under the above cases abandonment, or desertion, alone would, of course, be sufficient to justify the action for separate maintenance; but, as stated in the *Loeper* case, it has also been settled that, if the wife was compelled to live apart from the husband because of conduct on his part which in law would constitute abandonment of the marital relation, she could maintain the action for separate maintenance.

[2]     Texts and cases from other courts are also cited by respondent, to the effect that separate maintenance actions are not favored. Whatever the law may be in other jurisdictions, it has been settled in this state since *Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216, that such actions may be maintained by a wife who, without cause, has been abandoned by her husband, without praying for divorce. The precedent was followed in *Branscheid v. Branscheid,* 27 Wash. 368, 67 Pac. 812; *Bond v. Bond,* 45 Wash. 511, 88 Pac. 943; *Herrett v. Herrett, supra; Morden v. Morden,* 119 Wash. 176, 205 Pac. 377; and has been recently reaffirmed in *Lockhart v. Lockhart ante* p. 210, 259 Pac. 385.

In the last case, we said:

"In this state, where the marital relation is disturbed by the fault of the husband, the wife has a choice of remedies, she may apply for separate maintenance or she may apply for an absolute divorce. In the former instance, it is but just that she should have a separate share of her husband's earnings so long as he continues in his objectionable conduct. But there

18—145 WASH.

is in every such instance, what the law always favors, the hope of a reconciliation and a resumption of the marital relation.''

The last cited case was one in which an application had been made by the husband for a discontinuance of alimony awarded by the decree of divorce, which discontinuance was disallowed by the trial court, and reversed by this court under the equities of the case.

The amended and supplemental complaint in this case avers sufficient cause to justify a divorce being granted to appellant, had she prayed for it. It also is amply sufficient to require answer on the part of respondent as to the allegations therein contained. Its allegations substantially follow the requirements that have been established by the court in separate maintenance cases, from the *Kimble* case, *supra,* to the *Morden* case, *supra.*

[3] It is also contended by respondent that the amended and supplemental complaint affirmatively shows that the parties were living together at the time of the commencement of the action, since there is an allegation that, when served with summons and complaint, respondent then removed from the domicile of the parties and, at the time of the filing of the amended and supplemental complaint, was living separate and apart from appellant.

We think an allegation that the parties were living separate and apart at the time of the filing of the amended and supplemental complaint, which is now the controlling pleading between the parties, is sufficient.

[4] However, it would have been an issue of fact under the original complaint in such an action; for, although residing in the same house, there may have been no cohabitation.

[5] It is further contended by respondent that the

complaint before us contains no allegation that respondent has failed to adequately provide for the support and maintenance of appellant, but it is alleged that he has offered to provide fifty dollars per month, and it is not alleged what amount is sufficient.

There is another allegation in the complaint, not before mentioned, that the respondent receives a salary as a policeman of one hundred eighty dollars per month and earns approximately forty dollars per month in addition thereto for special work done by him.

Under these allegations, we think that the complaint before us sufficiently alleges that respondent has not offered sufficient and adequate support for appellant. What amount is sufficient is an issue of fact to be considered by the trial court upon the hearing.

In her prayer, appellant prayed for the allowance of sufficient for her support and maintenance, in such sum as may appear just and equitable, but in no event less than one hundred dollars per month.

We are convinced that the amended and supplemental complaint stated a good cause of action for separate maintenance, that sufficient and adequate separate maintenance has not been provided or offered by respondent, and that appellant has no funds with which to prosecute her action or provide for her support and maintenance.

The judgment of the lower court is, therefore, reversed and the cause remanded for further proceedings.

MACKINTOSH, C. J., FULLERTON, MAIN, and ASKREN, JJ., concur.