[No. 25584. Department Two. June 24, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Genevieve Turner, Plaintiff*, v. TIMOTHY A. PAUL, *as Judge of the Superior Court for Walla Walla County, Respondent.*[1]

*Harry B. Nolan*, for relator.

*Moulton & Powell*, for respondent.

[1]Reported in 46 P. (2d) 1060.

STEINERT, J.—This is a certiorari proceeding to review an order made by the superior court in an action for separate maintenance. An order to show cause having issued from this court, the respondent appeared, moved to quash the order, demurred to the application for writ of certiorari, and at the same time made answer to the application and a complete return of all proceedings had below.

The facts, as they appear from the application and the trial court's answer and certified return, are as follows: Genevieve Turner, hereinafter designated as plaintiff, instituted an action against Clifford Turner, her husband, hereinafter designated as defendant, charging him with abandonment, nonsupport and cruel treatment. The plaintiff did not, however, ask for a divorce, but only for separate maintenance.

Shortly after the action had been commenced, plaintiff filed a motion asking that she be granted suit money, advance attorney's fees, and alimony *pendente lite*. In support of her motion, plaintiff filed a number of affidavits to the effect that a proper preparation and presentation of her case required the use and expenditure of designated sums of money for attorney's fees and costs, that she was without funds or ability to obtain them, and that, on account of her weakened physical condition, she was unable to secure work and wholly unfit to accept any gainful employment, even if it were offered to her.

The defendant answered, admitting the marriage and subsequent separation, but denying all the other allegations of the complaint. By way of an affirmative defense, defendant pleaded a previously executed property settlement and agreement in writing, by the terms of which defendant was to pay plaintiff the sum of nine hundred dollars in monthly installments of fifty dollars each, in full settlement of all claims for further

support and maintenance, which agreement, it was alleged, had been fully performed by defendant. Then, by way of cross-complaint, defendant sought a decree of divorce from plaintiff, charging her with cruel treatment.

In response to plaintiff's affidavits supporting her motion for suit money, advance attorney's fees, and temporary alimony, defendant filed a number of affidavits, in substance reiterating the allegations of his answer and cross-complaint with reference to the property settlement and agreement, and further alleging that the agreement was fully understood, and that its benefits had been accepted, by plaintiff. Defendant's affidavits also alleged that he was earning a salary of only eighty dollars per month, out of which he was required to pay his board and lodging and also to make payments upon a number of community debts, and that he was therefore unable to contribute anything to plaintiff's support; his affidavits also denied that plaintiff was in necessitous circumstances.

In affidavits filed by plaintiff, it was admitted that she had signed the property settlement agreement and had received the nine hundred dollars; but it was alleged therein that the agreement and her signature thereto had been procured by fraud, conspiracy and false pretenses of defendant, and that plaintiff had been intimidated and coerced into signing the instrument and had been deceived as to her legal rights, at a time when, because of her weakened and nervous condition, she was wholly incapable of making a valid agreement. It was further alleged in plaintiff's affidavits that most of the community debts were outlawed, that defendant was living with his parents free of expense, and that he was squandering his earnings in riotous living.

The matter came on for hearing before the court on

plaintiff's preliminary motion for suit money, advance attorney's fees, and alimony *pendente lite*. At that time, however, plaintiff had not joined issue by reply to defendant's affirmative defense and cross-complaint. The court denied plaintiff's motion, upon certain specified grounds which will hereinafter be referred to in detail.

In the present proceeding, respondent contends, first, that the writ of certiorari should be denied because relator, the plaintiff, has a plain, speedy and adequate remedy at law. We do not agree with respondent in that contention. Conceding that the remedy by appeal in such cases is plain, and assuming that it is speedy, it is not, in our opinion, adequate.

A wife has a right in law to maintain an action for separate maintenance, and incidental thereto, if the necessity exists and the financial circumstances of the husband permit, she also has the right to alimony *pendente lite* and the means by which she may have her rights adjudicated. Such rights of action and alimony are founded on the legal duty of the husband to support his wife and on his incidental obligation to provide her with means to have her right of support established. These correlative rights and duties inhere in the marital relation. *Robinson v. Robinson,* 87 Wash. 520, 151 Pac. 1128, L. R. A. 1916B, 919. To deny the wife the means by which she may establish and obtain her rights is, in effect, to deny the rights themselves. To say that she had a remedy by appeal, when she had not even the means to seek an original adjudication, is but to prescribe a destination without any means for transportation. The remedy by appeal in such cases and under such circumstances is, in our opinion, wholly inadequate. Respondent's motion to quash is denied, and his demurrer is overruled.

Respondent next contends that, upon the

record, its order should be affirmed. The matter of granting temporary alimony, suit money, and attorney's fees, in cases of this kind, is one within the sound discretion of the trial court, to be reviewed only for manifest abuse of discretion. *Kreiger v. Kreiger,* 133 Wash. 183, 233 Pac. 306; *Mason v. Mason,* 163 Wash. 539, 1 P. (2d) 885; *Davis v. Davis,* 165 Wash. 172, 4 P. (2d) 849; 8 P. (2d) 286. In exercising its sound discretion, the trial court will take into consideration the conditions affecting the respective parties, the necessitous circumstances of the wife, the ability of the husband to earn or pay, and such other facts and circumstances shown upon the hearing to bear upon the correlative rights and duties of the parties concerned. The disposition of such preliminary matters does not reflect the court's ultimate attitude or decision upon the merits of the case, but is simply provisional to its progress and procedure. These principles are well understood and generally accepted.

In the instant case, however, according to our interpretation of the record, the court did not treat the motion as a matter calling for the exercise of its discretion, but disposed of it wholly as a matter of law and as though predicated upon established facts admitting of but one conclusion. The court denied plaintiff's motion upon the grounds that the action was not one for divorce but merely for separate maintenance, that plaintiff had entered into a property settlement and accepted its benefits and had not previously endeavored to have the agreement set aside for fraud, and that plaintiff was seeking to continue the marital relationship in order to secure funds from the defendant.

The plaintiff had the right to elect whether she would sue for separate maintenance or for a divorce. *Branscheid v. Branscheid,* 27 Wash. 368, 67 Pac.

812; *Bond v. Bond,* 45 Wash. 511, 88 Pac. 943; *Herrett v. Herrett,* 60 Wash. 607, 111 Pac. 867; *Morden v. Morden,* 119 Wash. 176, 205 Pac. 377; *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385; *Sutton v. Sutton,* 145 Wash. 542, 260 Pac. 1076. The fact that she elected the former method of procedure rather than the latter, in no way militated against her right to temporary support and the means wherewith to enforce it.

So far as the property settlement was concerned, that was an issue tendered by defendant, and manifestly, the validity of the agreement was ultimately to become the crux of the case. But that issue had not yet been joined, and the court was not yet called upon to decide finally the merits of that phase of the controversy. Although the facts with reference to the settlement, as they were presented to the court at the time of the preliminary hearing, were proper to be considered in connection with all the other facts and circumstances bearing upon the question upon which the court was to exercise its discretion at a preliminary stage of the proceeding, the court could not, by predetermining an issuable fact, make it the basis for disposing of the preliminary motion solely as presenting a matter of law.

Furthermore, plaintiff's motive in seeking to continue the marital relationship was immaterial. Granted that her motive was as divined by the court, it was her legal right, in the absence of fault on her part, to continue, rather than to end, that relationship, and to seek an adjudication of the rights flowing to her therefrom.

The motion of the plaintiff invoked the exercise of the court's discretion upon a preliminary matter, according to the facts and circumstances then presented

to the court. It did not submit the ultimate issue to be determined as a finality.

The order denying plaintiff's motion is reversed, with direction to the court to dispose of the motion in accordance with the views herein expressed.

MILLARD, C. J., HOLCOMB, MAIN, and BLAKE, JJ., concur.