[No. 25766.   Department Two.   August 24, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Hazel Hettrick, Plaintiff,* v. WM. G. LONG, *as Judge of the Superior Court for King County, Respondent.*[1]

*E. E. Merges* and *Adam Beeler,* for relator.
*E. C. Hudson,* for respondent.

STEINERT, J.—Application was filed in this court for writ of mandamus commanding the superior court to make determinative disposition of a motion in a cause then pending.   An alternative writ was issued directing the superior court to proceed upon the motion, or else to show cause why it had not done so.   The superior court made answer to the writ.   Argument was thereupon had in this court upon the application and answer.

October 31, 1934, Paul Hettrick, herein referred to as plaintiff, commenced an action in the superior court of King county for a divorce from Hazel Hettrick, the relator herein.   His complaint was based upon the ground of "personal indignities rendering life burdensome."   Answer was filed by the relator, praying that the action be dismissed.   According to both the com-

[1]Reported in 48 P. (2d) 224.

plaint and the answer, no children were born to the marriage. After issue had been joined upon the pleadings, the cause was noted on the trial calendar and thereafter was set for trial on June 24, 1935.

On June 5, 1935, relator, upon affidavit, made application for, and obtained from the superior court, an order directing the plaintiff to show cause why he should not be required to pay the relator temporary attorney's fees and suit money in order to enable her to defend the suit. In response to the order, plaintiff filed an affidavit alleging that the relator had considerable property of her own, a position of employment paying her a substantial sum, and ample funds with which to defend the action. The affidavit further alleged that plaintiff was working as an automobile salesman on commission; that on June 1, 1935, his income had been reduced fifty per cent; that his income for the preceding month was but $31.07; and that relator's earnings during the same month were at least four times that amount. Other allegations respecting plaintiff's financial inability were also made in his affidavit. Relator answered by counter-affidavit, denying, or else minimizing, the allegations of plaintiff's affidavit, but admitting that she had a position from which she was earning seventy-five dollars a month.

The cause came on for hearing, on the order to show cause, on June 20, 1935, which was just four days before the date of trial of the case on the merits. After considering the affidavits, the superior court made a formal order denying the motion without prejudice, but upon the *sole ground* that the cause was set for trial on June 24th, and that the matter of attorney's fees and suit money could be settled at that time.

In his answer filed in this court, the respondent judge alleged that, at the time of hearing the motion, he had carefully considered the affidavits above men-

tioned, and had also taken into consideration the fact that relator had not made any application for temporary attorney's fees and suit money until June 5, 1935, although the action against her had been pending since October 31, 1934. The respondent further alleged that, at the time of the preliminary hearing, he was of the opinion that relator was not entitled to the allowances asked for, basing his opinion on the ground that plaintiff was unable to pay such allowances and also on the ground that relator was earning sufficient income to make such allowances unnecessary; that, being advised that the matter was to be tried on the merits four days later, he did not desire to enter an order which might prejudice the relator by the denial of her motion, but preferred to continue the proceedings until a complete hearing could be had upon oral testimony.

We have given the full details of the matter, in order that the extent of our decision may be clearly understood.

While we entertain no doubt whatever that the answer made by the respondent judge correctly states his motivating impulse, and while we recognize the practicable side of his conclusion, we nevertheless must be governed by the formal and categorical order made in the case, rather than by the explanation of its form. The ground of the ruling was not that relator was not entitled to the relief sought by her motion, but solely and simply that the matter could be determined at the time of the hearing of the case on its merits. In other words, the rights, if any, of the relator under her motion were not determined at all.

We do not here or now assume to say whether or not the relator was, under the circumstances, entitled to have temporary attorney's fees or suit money awarded to her. That is a matter for the trial court to determine in the exercise of a sound discretion. *State ex rel.*

*Turner v. Paul,* 182 Wash. 261, 46 P. (2d) 1060, and cases therein cited.

In the *Turner* case, we took occasion to say that the disposition of such preliminary matters does not reflect the court's ultimate attitude or decision upon the merits of the case, but is simply provisional to its progress and procedure.

Nor is it of any great importance whether the hearing on such motion is continued to a day certain to meet the convenience of the court. But what is important, and what we do decide, is that the relator was entitled to have her motion disposed of on its merits *before* the trial of the case proper. If it be found by the court that, under the circumstances presented, the wife is entitled to attorney's fees and suit money in order to prosecute or defend an action for divorce, then she is entitled to have such allowances before the trial of the case. Such allowances are made for the very purpose of enabling her to prepare and prosecute, or else defend, the action. Without them, a destitute or impecunious wife could not establish or obtain her rights at all. She would be remediless.

A permanent writ will issue directing the court to hear the motion upon its merits, either upon affidavits or upon oral testimony, before the trial of the case proper, and upon such hearing to exercise its sound discretion in either granting, in whole or in part, or else denying the motion.

HOLCOMB, BLAKE, and MAIN, JJ., concur.