[No. 26725. Department One. July 1, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Julia S. ·Brown, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Calvin S. Hall, Judge, Respondent.*[1]

*Adam Beeler*, for relator.

*Henry W. Parrott*, for respondent.

MAIN, J.—This case is before us to review an order of the superior court denying the wife suit money and attorney's fees after appealing from the decree of divorce.

George E. Brown and Julia S. Brown were married some years ago. Mr. Brown brought an action for di-

[1]Reported in 69 P. (2d) 811.

vorce against Mrs. Brown, and, after trial, an interlocutory decree was entered. Mrs. Brown gave notice of appeal and filed a bond within the required time. Thereafter, she applied to the court for an allowance of suit money and attorney's fees in order that she might adequately prepare her appeal and have it presented to this court. The trial court entered an order denying her either suit money or attorney's fees. It is this order that is brought here for review.

The merits of the case are not now before us. The court made findings of fact and entered an order which recited that the

". . . plaintiff do have an interlocutory decree of divorce from the defendant which may be made final and permanent at the expiration of six months from date hereof upon motion of either party, . . ."

There were a number of adjudications in the order, and it concluded with the declaration

". . . that all of the property, both personal and real of the parties hereto is community property; . . ."

and that the income-producing property should remain in the sole custody and control of Mr. Brown until the final decree should be entered,

". . . at which time, unless theretofore settled between the parties, the remainder of the community property shall be distributed by the court."

■ It is first contended that no interlocutory decree has been entered as required by Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507] (Laws of 1933, p. 432, § 1). But that question is not open at this time for consideration, and is one that will properly arise upon the appeal. We express no opinion here on that phase of the case.

■ The principal contention appears to be that certiorari will not lie to review the order denying suit money and attorney's fees, because that is a matter

that rests in the discretion of the court. Rem. Rev. Stat., § 1002 [P. C. § 7418], provides that a writ of review, which by a previous section of the statute, certiorari has been denominated to be, will be granted, among other things, to correct

" . . . a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

The time within which Mrs. Brown should perfect her appeal expires July 9, 1937. Obviously, within this time an appeal would not be an adequate remedy, because the time would expire long before the appeal could be heard and determined. The appeal not being an adequate remedy, the right to have the order reviewed by certiorari is plain, unless the contention that the writ will not issue to review a matter which is in the discretion of the trial court is sustained.

When an action for divorce is brought by a husband against his wife, the latter, in order to prepare her case, is entitled to an allowance made to enable her either to properly prepare and prosecute, upon cross-complaint, an action against her husband or to defend the action. If this were not true, a destitute or impecunious wife could not establish or obtain her rights at all. She would be practically without remedy. *Van Gelder v. Van Gelder*, 61 Wash. 146, 112 Pac. 86; *State ex rel. Hettrick v. Long*, 183 Wash. 309, 48 P. (2d) 224.

In the case now before us, Mrs. Brown was without funds to prosecute her appeal. She had no money with which to pay for the statement of facts, the transcript, the preparation and printing of the brief, or the presentation of the matter to this court. After an appeal, the superior court has the same right to make an allowance to the wife without means for the preparation

and presentation of her appeal as it has before trial. *Griffith v. Griffith,* 71 Wash. 56, 127 Pac. 585, 128 Pac. 636; *Lewis v. Lewis,* 83 Wash. 671, 145 Pac. 980.

Likewise, when the application is made after an appeal, the court exercises its discretion, which will not be disturbed unless that discretion be abused. *Lee v. Lee,* 3 Wash. 236, 28 Pac. 355; *Griffith v. Griffith,* 74 Wash. 284, 133 Pac. 443.

Where it appears, as it does in this case, that the husband brings his wife into court, and that she has no funds with which to present her side of the controversy, .

". . . it is the duty of the court to allow such provision in order that her case may be fairly heard." *Krieger v. Krieger,* 133 Wash. 183, 233 Pac. 306.

If it be the duty of the court to make such an allowance, then it necessarily follows that the failure to do so is an abuse of discretion, and the order of disallowance may be reviewed.

The rule stated in 11 C. J. 106, § 40, to the effect that a writ of certiorari to review errors or mistakes in matters of discretion will not lie, does not obtain in this state where the discretion has been abused. In fact, it is later recognized in the same paragraph by the text writer that the writ will not be refused when there is non-conformity to legal requirements.

In neither of the cases of *State ex rel. Tibbals v. Superior Court,* 6 Wash. 201, 33 Pac. 387, nor *State ex rel. Puyallup v. Superior Court,* 50 Wash. 650, 97 Pac. 778, is the question here presented either discussed or determined, except in the latter case it is recognized that extraordinary legal remedies, of which certiorari is one, will lie "if an appeal be not adequate."

The order appealed from will be reversed, and the cause remanded to the superior court with direction to make a reasonable allowance to Mrs. Brown for the

preparation of her case upon appeal and for its presentation to this court.

STEINERT, C. J., MILLARD, GERAGHTY, and BLAKE, JJ., concur.