[No. 31019. Department Two. June 14, 1949.]

THE STATE OF WASHINGTON, *on the Relation of Viola J. Taw, Plaintiff*, v. LLOYD W. SHORETT, *Judge of the Superior Court for King County, Respondent.*[1]

[1] Reported in 207 P. (2d) 192.

*Vaughn E. Evans,* for relator.
*Karr, Tuttle & Campbell,* for respondent.

SIMPSON, J.—The purpose of this action is to compel the Honorable Lloyd W. Shorett, judge of the superior court of King county, to enter an order compelling Gustav A. Taw to pay to his wife traveling expenses and attorney's fees so that she may be able to defend an action of divorce instituted by her husband.

The record we have before us, aside from the application for a writ and the order to show cause, is a certified copy of the transcript, which reflects the contents of the documents filed in the superior court. From those records, we gain the following information: September 17, 1948, Gustav A. Taw filed his complaint asking that he be divorced from his wife, Viola J. Taw, who was then visiting in Alaska. Mrs. Taw, after being served with summons and complaint, filed her "MOTION FOR TRAVELING EXPENSES AND COUNSEL FEES." In her motion she alleged that she and her husband owned community property, consisting of an equity in real estate, household goods, and a used automobile, the value of which was in the sum of five thousand dollars; that she was residing in Alaska, and did not have sufficient funds to travel to Seattle and employ counsel to defend the action for divorce.

Mr. Taw answered the petition by stating in effect that he did not have sufficient funds to meet his wife's demands for suit money. He did not deny his wife's claim that they owned community property. In addition, Mr. Taw alleged that his wife, during August, 1948, started a suit in Alaska for a divorce against him, but that it had been dismissed because she was not a resident of the territory of Alaska. He contended that her action caused him to expend the sum of fifty dollars for attorney's fees. Further, that his physical condition became so bad in October, 1948, that he was ad-

mitted to the King County hospital, where he remained until January 9, 1949, and still owes a hospital bill in the sum of $405.64. Since leaving the hospital, he has been unable to work. He further stated that his wife was working in Alaska and received an income from one hundred fifty to two hundred dollars a month.

An order denying the motion for traveling expenses and counsel fees simply recites that it was based upon the showings to which we have just referred, and argument of counsel heard in open court.

Our statute, Rem. Supp. 1947, § 988, provides in part as follows:

"Pending the action for the divorce, the Court, or Judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof;  . . ."

The portion of the statute just quoted is the same as Rem. Rev. Stat., § 988.

The statute rests the matter of the allowance of attorneys' fees and suit money, wholly within the discretion of the trial court, and its orders will not be disturbed in the absence of abuse. *Griffith v. Griffith,* 74 Wash. 284, 133 Pac. 443; *Fitzpatrick v. Fitzpatrick,* 105 Wash. 394, 177 Pac. 790; *Mason v. Mason,* 163 Wash. 539, 1 P. (2d) 885; *State ex rel. Turner v. Paul,* 182 Wash. 261, 46 P. (2d) 1060.

This court has passed upon this question in cases in which the facts are entirely alike to those presented in the case at bar. In the leading case of *Krieger v. Krieger,* 133 Wash. 183, 233 Pac. 306, Krieger sued his wife for a divorce. Mrs. Krieger asked for suit money and attorney's fees. Krieger maintained that he was unable to pay anything as attorney's fees or suit money because of his financial condition. The trial court denied the motion of Mrs. Krieger, and she appealed. In reversing the trial court, Judge Askren, speaking for this court stated:

"While it is not the rule that a husband must under all circumstances provide money to the wife for attorney's fees and suit money in a divorce action, yet when it appears that the husband brings his wife into court, and that she has no funds with which to present her side of the controversy, it is the duty of the court to allow such provision in order that her case may be fairly heard.

"There is no class of cases in which the court should more jealously guard the right of a party to be heard, and to deny a wife funds with which to bring her witnesses and secure counsel is, in effect, to deny her any hearing whatsoever."

The precept thus announced has been followed in *State ex rel. Turner v. Paul,* 182 Wash. 261, 46 P. (2d) 1060; *State ex rel. Hettrick v. Long,* 183 Wash. 309, 48 P. (2d) 224; *State ex rel. Brown v. Superior Court,* 190 Wash. 572, 69 P. (2d) 811.

We are not now inclined to depart from the holding set out above. No information has been given us concerning the reason which induced the trial court to deny Mrs. Taw's motion other than that appearing in the record to which we have referred. We can only conclude that it was because of the financial condition of Mr. Taw. His financial condition, however, is not a defense to the motion made on the part of his wife. Mrs. Taw has a right to defend, if she so desires, and that right is equal to his right to prosecute. It will not do to allow a husband, who has control of the community property and has a moral and legal obligation to support his wife, to retain the community property, or, in certain cases, even his individual property, to prosecute his action for a divorce and at the same time keep his wife from defending at his expense, or that of the community.

The judgment of the trial court in denying the motion of Mrs. Taw for suit money will be reversed, with instructions to grant a rehearing and allow to Mrs. Taw sufficient funds to enable her to defend the action instituted by her husband.

JEFFERS, C. J., ROBINSON, SCHWELLENBACH, and GRADY, JJ., concur.