[No. 31714. *En Banc.* May 3, 1951.]

RUTH ANNE STIBBS, *Respondent,* v. GERALD D. STIBBS, *Relator.*[1]

[1]Reported in 231 P. (2d) 310.

*John J. Kennett* and *Kennett, McCutcheon & Soderland,* for relator.

*Grace O. Dailey, McMicken, Rupp & Schweppe,* and *Mary Ellen Krug,* for respondent.

MALLERY, J.—The respondent brought an action against the relator for separate maintenance. Our opinion, granting respondent a new trial, may be found in *Stibbs v. Stibbs,* 37 Wn. (2d) 377, 223 P. (2d) 841. Thereafter, and before the new trial, respondent moved the trial court, under Rem. Supp. 1949, § 997-9, for attorneys' fees and suit money in the amount of two thousand dollars. The court made an award of twelve hundred and fifty dollars. The relator asks us to set the order aside.

The statute specifically provides for suit money *pendente lite* in actions for divorce and annulment without mention of the action for separate maintenance. Rem. Supp. 1949, § 997-9, provides, among other things:

"Pending an action . . . the Court may make . . . such orders relative to the expenses of such actions, including attorneys' fees, *as will insure to the wife an efficient preparation of her case* and a fair and impartial trial thereof. . . . " (Italics ours.)

The right to suit money pending an action for separate maintenance is independent of statute, as is the action itself. *State ex rel. Young v. Superior Court,* 85 Wash. 72, 147 Pac. 436. We now hold that the rights are so analogous, even though based upon different sources, that the right to suit money in an action for separate maintenance is governed by the provisions of Rem. Supp. 1949, § 997-9, and the decisions interpreting it.

In April, 1948, the parties sold their home and divided the money equally, except for the real-estate commission which relator paid. This amounted to six thousand dollars cash for

the respondent. This amount was being reduced gradually by living expenses up to the time in September, 1950, when respondent took a position as school teacher at an annual salary of two thousand dollars. Of the original six thousand dollars there now remains something in excess of twenty-five hundred dollars. Respondent has not shown that she cannot live on her salary. The relator does not contend that he is unable to pay the award *pendente lite*.

Until we find that there should be an award, we are obviously not concerned with its amount and need not discuss citations and the contentions on that question.

All expenses reasonably incurred or necessary to be incurred during the pendency of the action, except those of appeal, may be provided for by the superior court. *State ex rel. Turner v. Paul,* 182 Wash. 261, 46 P. (2d) 1060. The action is "pending" until its final disposition. 31 Words and Phrases (Perm. ed.) 643; *Nelson v. Nelson,* 7 Cal. (2d) 449, 60 P. (2d) 982; see *Crooks v. Rust,* 125 Wash. 563, 216 Pac. 869.

It has been held that a wife need not pauperize herself by selling her assets to make the cash outlay necessary for the litigation. *Dietrich v. Dietrich,* 209 S. W. (2d) 540; *Heck v. Heck,* 63 Cal. App. (2d) 470, 147 P. (2d) 110. The wife is not put to the election of spending her money for living expenses or the preparation of her case, *Armstrong v. Armstrong,* 185 S. C. 518, 194 S. E. 640; *Dietrich v. Dietrich, supra,* but she is not entitled to such an award when she has ample funds for both. In the instant case, she is not called on to sell the roof over her head to get cash. She already has it in an amount in excess of her own estimate of need for both purposes.

Such an award is in no sense a temporary adjustment of property rights. Its sole purpose is to effectively afford the wife her day in court. While the court must be concerned with the probable cost of the litigation in making the award, it should not permit speculation as to the merits of the action to affect it. Such a consideration must abide the final judgment in which it can be provided for. Rem. Supp. 1949, § 997-9.

The purpose of the statute is not to excuse the wife from spending her own money, but to provide for the efficient presentation of her case when she is unable to do so from her own resources without hardship.

▇ The respondent has not made a showing that entitles her to an award of suit money *pendente lite.*

The order is reversed.

ROBINSON, HILL, DONWORTH, and FINLEY, JJ., concur.

SCHWELLENBACH, C. J. (dissenting)—After the conclusion of the hearing the trial court found:

"The plaintiff here moves for an allowance to her to be paid by the defendant prior to trial.

"The background of this situation is revealed in 37 Wn. (2d) 377, where it is said:

" 'The wealth of detail in support of the alibi, which was so convincing to the trial court, is not compatible with mere inadvertence or faulty memory, but, rather, supports an inference of fabrication.'

"This amounts to a description of willful perjury, and it may be assumed by counsel for the plaintiff that a re-trial will require both expense and detailed preparation.

"The law has long been clear in this state that the plain-tiff in this form of action is entitled to the aid of the court in preparation for trial, and the language of chapter 215 of the Session Laws of 1949 does not change the long stand-rule. Section 12 of the new statute was designed to permit the court to award separate maintenance in cases where only a divorce or annulment was sought in the pleadings. Heretofore the court was without power to do this.

"It is a fact this plaintiff is not insolvent. She is gainfully employed and the record shows that she received certain cash as the result of a property sale together with a judg-ment for costs. This latter will probably equal no more than the costs of an appeal, apparently made necessary by per-jury, which is the act of the defendant.

"It is not the policy of the law to require a wife to finance litigation under the circumstances shown by the record here.

"I am of the opinion, on the entire record, that this defendant should *pendente lite,* contribute a reasonable amount to the end that this plaintiff may reveal the actual facts to the court with the aid of counsel.

"I am of the opinion that the sum of $1,250.00 should enable this woman to have her day in court."

The court thereupon made the following order:

". . . and the court being fully advised in the premises and it appearing to the court that the sum of One Thousand Two Hundred Fifty Dollars ($1250.00) is a reasonable sum to be awarded to the plaintiff for suit money and attorneys' fees *pendente lite,* and the court having announced its decision in a letter to counsel dated February 5, 1951;

"Now THEREFORE, the defendant, Gerald D. Stibbs, Is HEREBY ORDERED to pay forthwith to the plaintiff or to her attorneys of record the sum of One Thousand Two Hundred Fifty Dollars ($1250.00) as attorneys' fees and suit money *pendente lite.*"

After a full and complete hearing, the trial court concluded that a sufficient showing was made to warrant the order requiring relator to pay to respondent the sum of $1,250.00 as attorneys' fees and suit money *pendente lite* in order to enable her to have her day in court. It has long been the law, and needs no citation of authority, that such allowances are within the discretion of the trial court and they will not be disturbed except for a manifest abuse of discretion. We find nothing in the record which would warrant a holding by this court that the trial court abused its discretion in entering such order.

BEALS, GRADY and HAMLEY, JJ., concur with SCHWELLENBACH, C. J.

---

August 3, 1951. Petition for rehearing denied.