[No. 5931.   Decided February 7, 1906.]

MARY CAREY, *Respondent*, v. W. F. HAYS, *Appellant*.[1]

BILLS AND NOTES—CONSTRUCTION.  A promissory note for a certain
sum, with interest, reciting that "this note is given as a security of
said C. [the payee] with an assignment of scrip," to be issued for
public lands within six months, and providing that the assignment
was to be returned if the scrip was not issued, and the scrip to be
returned upon payment of the note, should be construed as meaning
that the note and assignment of scrip were given as security for
the money borrowed, and not that the note was given as security
for the assignment of the scrip in case the same was not issued,
under the liberal rule of construction of pleadings first assailed at
the trial.

Appeal from a judgment of the superior court for King
county, Morris, J., entered February 9, 1905, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action on a promissory note.
Affirmed.

*Fred Page-Tustin (W. F. Hays, of counsel), for appellant.*
*Blaine, Tucker & Hyland, for respondent.*

DUNBAR, J.—This is an action brought by the respondent
against the appellant to recover the sum of $500 and interest,
alleged to be due on a promissory note set out in the com-
plaint.  The cause was tried by the court without a jury, and
resulted in a judgment in favor of respondent.

The principal contention is as to whether or not the com-
plaint states a cause of action.  The allegations of the com-
plaint, omitting the formal parts, are as follows:

"That, at Seattle, Washington, on June 2, 1896, for a valu-
able consideration to him in hand paid, the said defendant
made, executed and delivered to the plaintiff his certain
promissory note in writing, bearing date on that date, which
said promissory note is in words, letters and figures following,
to wit:

1Reported in 84 Pac. 581.

" 'Seattle, Wash., June 2, 1896. Six months after date I promise to pay to the order of Mary Carey five hundred ($500) dollars gold coin of the United States of America, with interest thereon at the rate of one per cent per month from date. This note is given as a security of said Miss Mary Carey with an assignment of scrip made and executed to her by me this day, directed to the commissioner of public lands for the sum of one thousand dollars to be delivered to said Miss Mary Carey when the same shall have been issued by the state to me, my heirs or assigns, within the said six months from this date; and if not so issued by the state within said time, then said Mary Carey is to return said assignment or order for issue of scrip from the state, and on the payment of this note, according to these terms, said order and assignment to be fully canceled and discharged. (Signed) W. F. Hays.'
wherein and whereby the said defendant promised and agreed to pay the sum of $500 according to the terms and conditions of said promissory note, and then and there delivered said promissory note to the plaintiff, who is now the owner and holder thereof, and no part of the same has been paid."
[Demand for judgment.]

No demurrer was interposed to this complaint, but answer was made admitting the execution of the instrument set up in paragraph one of the complaint, but alleging that, under the terms of a certain contract entered into between the defendant and the state, he was entitled to the issuance of certain certificates or scrip for land, and that in conjunction with the giving of the note, he had directed the commissioner to execute and deliver to the respondent $1,000 in certificates when the same should be issued by the state to him under the aforesaid contract; that concurrently therewith, and as a guaranty on the part of the appellant that the contract referred to would be performed, and that the said scrip would be issued and delivered to the respondent, he executed the note which was set up in the complaint; that the contract for the tide land filling had not yet been performed, nor the scrip issued by the state of Washington; but that the contract was yet in force, and that it would in due course of time be

performed and the scrip issued to the respondent; denied that he was indebted to the respondent in the sum of $500, or any other sum; and asked for a dismissal of the cause with costs. The material part of the reply was to the effect that the note was not given as a guarantee for the fulfillment of the contract. The sufficiency of the contract was not assailed until after the issues were made up and the witnesses for the respondent introduced, when the appellant moved the court for a nonsuit, upon the ground and for the reason that the evidence was insufficient to support a verdict in favor of respondent, and that the complaint did not state facts sufficient to constitute a cause of action against the appellant.

A more liberal construction will always be given to a pleading that is assailed after issue joined and trial had than will be when the sufficiency of the pleading is raised upon a demurrer. We think there was sufficient in this complaint, especially supplemented by the testimony, to state a cause of action, if, indeed, it is not sufficient upon its face. The accompanying announcement, that this note is given as a security of Miss Mary Carey, with an assignment of scrip, etc., does not sustain appellant's contention that the note was given to respondent as security for the assignment of the scrip spoken of. The court evidently, and we think properly, construed the instrument as meaning that the note and assignment were given as security for the payment of the money borrowed, viz., the $500. The assignment was brought into court by the respondent and tendered to the appellant in the case. This the respondent had a right to do under the terms of the agreement, which further provides that, upon the payment of the note, the order and assignment should be canceled and discharged; all tending to show that it was the intention of the parties to the contract that the assignment or order for the scrip was to be held simply as security for the payment of the note.

No error was committed by the court in overruling the

appellant's motion to dismiss.   The judgment seems to be right and is therefore affirmed.

MOUNT, C. J., CROW, FULLERTON, HADLEY, RUDKIN, and ROOT, JJ., concur.