[No. 13976.  Department One.  July 25, 1917.]

SIMON SABOT, *Respondent*, v. FANNIE S. SABOT, *Appellant*.[1]

DIVORCE—GROUNDS—CRUELTY—INDIGNITIES.  Indifference is an indignity and unconcealed aversion is cruelty, within Rem. Code, § 982, authorizing a divorce for cruelty or personal indignities rendering life burdensome.

Appeal from a judgment of the superior court for Klickitat county, Darch, J., entered June 7, 1916, upon findings in favor of the plaintiff, in an action for divorce.  Affirmed.

*E. L. Sanders* and *Ralph Simon*, for appellant.

CHADWICK, J.—The only question in this case is whether the findings of fact are sufficient to sustain the decree.

The court found:

"That for a period of two years last past the defendant has assumed and maintained towards plaintiff an indifferent attitude, and has made no attempt to conceal that she has neither affection nor regard for the plaintiff, and has by numerous annoying acts and words, made the home life of plaintiff burdensome in the extreme, so that it has become impossible for the plaintiff to longer cohabit and live with said defendant, all of which acts were without just cause or provocation."

"Cruel treatment of either party by the other, or personal indignities rendering life burdensome" are made grounds for divorce by the statute.  Rem. Code, § 982.

Indifference is an indignity and unconcealed aversion is a cruelty within the meaning and intent of the statute.  They are more refined but no less substantial than words or blows or neglect.

Affirmed.

ELLIS, C. J., MOUNT, MAIN, and MORRIS, JJ., concur.

[1]Reported in 166 Pac. 624.