[No. 16417.   Department Two.   September 26, 1921.]

ELLA C. MOTLEY, *Appellant,* v. JOHN W. MOTLEY, *Respondent.*[1]

DIVORCE (8)—GROUNDS—INABILITY TO LIVE TOGETHER. Extravagance on the part of the wife and incompatibility in the temperament of the spouses are insufficient grounds for decreeing a divorce to a husband.

HUSBAND AND WIFE (105)—SEPARATE MAINTENANCE—RIGHT TO. Where a husband leaves a wife without sufficient cause, she is entitled to an allowance for separate maintenance if she is without adequate means of support.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 11, 1920, in favor of the defendant upon his cross-complaint, in an action for separate maintenance, tried to the court. Reversed.

*Rummens & Griffin,* for appellant.

*E. L. Turner,* for respondent.

[1]Reported in 200 Pac. 1099.

TOLMAN, J.—The appellant, as plaintiff, brought this action seeking a decree for separate maintenance, and respondent, in addition to defending against that claim, by cross-complaint sought an absolute divorce. From a decree granting to the respondent a divorce upon his cross-complaint, this appeal is prosecuted.

Appellant had been previously married and divorced from her first husband, and by the decree in that case she had been given the custody of four minor daughters, and alimony of $75 per month. Upon the oldest daughter becoming of age, this alimony had been reduced to $60 per month, and upon her marriage to respondent, the alimony was further reduced to $45 per month. The parties hereto had been acquainted with each other for a number of years prior to their marriage on March 25, 1918, and respondent was familar with all the conditions. Shortly after the marriage, the new family removed from Seattle to Richmond Beach to be near respondent's place of employment, where they purchased a small acre tract with the intention of building a home thereon. The home was never built, but some $1,100 was paid upon the purchase price of the acre tract, and $600 or $700 spent in improvement and preparation for building, and at the time of the trial below there was owing on the purchase price of the land something over $1,400, a portion of which was overdue.

At the time of the marriage, appellant had nothing but a modest supply of household furniture, and the alimony before referred to, while respondent had about $3,000 in money and securities, and has since been steadily employed at good wage, and is now earning $150 per month. No serious trouble developed until November, 1919, when differences arose, chiefly because respondent claimed, and no doubt honestly be-

lieved, the family was spending too much money. As a result they ceased to cohabit, and thereafter occupied separate rooms until January, 1920, when respondent left the home and the family, taking with him all the ready money and leaving nothing for the support of the family save a cow, which he had theretofore presented to the wife, and some pigs and poultry; notifying the merchants with whom they had theretofore dealt that he would not be responsible for debts contracted by the wife. For some six months thereafter the family existed upon the alimony from the wife's former husband, the proceeds of the livestock, upon credit, and a very small contribution made by respondent towards her support, through the intercession of others. Then, her means being exhausted, and a very considerable grocery bill having been incurred, which is still unpaid, she brought this action, asking for $65 per month as separate maintenance, suit money, attorney's fees, and other relief.

The gist of the respondent's cross-complaint, and of the evidence offered in support of these allegations, is that the wife was without affection for the husband, married him as a means of obtaining support for herself and her children; that she spent too much money, though no particular instances of extravagance are shown, and that they were incompatible in temperament. The chief argument advanced in support of the decree entered below seems to be that the respondent had $3,000 when he married, had earned nearly as much more since the marriage, and had left at the time of the trial only some $600. Hence the conclusion is drawn that the wife was concerned only with the obtaining of all he had and could earn. But when it is remembered that over $1,700 was paid on the purchase of the land and the preparations for building, the force of this argument is considerably les-

sened, and when the high cost of living during the time since the marriage is also considered, to say nothing of the ill-health of the wife and one of her daughters and the expense attendant thereon, these figures fall far short of convicting the wife of undue extravagance, or of a design to fleece the husband of his accumulations.

It may be that, when a man marries a woman with four dependent daughters, he does not become bound to do for the daughters all that he might cheerfully do for his own, yet he does assume a moral and a legal responsibility to assist the wife and mother to a reasonable extent in providing for her minor and dependent children properly, and in accordance with his means. We find nothing in the record here to convince us that respondent was called upon to do more.

The allegations of the cross-complaint, and the evidence viewed from the standpoint most favorable to him, fail utterly to show that the respondent has any ground which can be recognized as sufficient to entitle him to a divorce. If in these days every family which spends too much money is to be broken up; if coldness, or even sarcasm, or both, following upon differences of opinion upon financial matters, is to be recognized by the courts, then, indeed, the homes of America are in danger. The decree should have been denied under the authority of *Ellis v. Ellis,* 77 Wash. 247, 137 Pac. 453, and the cases there cited, and the parties should have been admonished that it is the duty of both husband and wife to bear and forbear for their own best good, and for the good of the state and of society generally.

Respondent having, without sufficient cause, left the appellant without adequate means of support, she is entitled to separate maintenance. *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138.

A careful consideration convinces us that at this time appellant will require, and respondent is able to pay to her, fifty dollars per month. We also find that, in view of the husband's present financial ability, an allowance of $150 as attorney's fees should properly be made.

The judgment will be reversed, and the cause remanded with directions to enter a decree requiring the respondent to assume responsibility for the grocery bill contracted since his desertion of his wife, and in addition that he pay to her $50 monthly as separate maintenance, and $150 as attorney's fees, with leave to either party to apply for any modification warranted by a change of conditions.

Reversed and remanded.

PARKER, C. J., MITCHELL, FULLERTON, and MAIN, JJ., concur.