[No. 25195.   Department One.   October 26, 1934.]

J. P. J. MANGGAARD, *Appellant*, v. CHARLOTTE MANG-
GAARD, *Respondent.*[1]

*P..C. Kibbe,* for appellant.
*W. Grant Armstrong,* for respondent.

MAIN, J.—The plaintiff brought this action for a divorce. The defendant denied the plaintiff's right to a divorce in her answer, and by cross-complaint sought a decree of separate maintenance. The trial resulted in findings of fact from which the court concluded that the plaintiff's complaint should be dismissed, and that the defendant was entitled to a decree of separate maintenance. A decree was entered in accordance with the conclusions, from which the plaintiff appeals.

The facts, as found by the trial court, which are sus-

[1]Reported in 36 P. (2d) 811.

tained by the evidence, may be summarized as follows: September 14, 1927, the parties were married, and as a result of this marriage one child, a son, was born, who at the time of the trial was five years of age. After their marriage, the parties lived in the city of Centralia for a period of fourteen months, at which time the respondent became ill, and pursuant to the request of the appellant, the respondent's parents came to Centralia from West Chicago, Illinois, where they resided, and she returned to their home with them. The respondent resided with her parents until approximately November 15, 1933, when she returned to Centralia to defend this divorce action, which the appellant sometime previously had instituted against her. A short time after she returned to Centralia, and on about December 1, 1933, the parties became reconciled, and lived together as husband and wife for a period of about ten days, at which time the appellant refused longer to live with the respondent.

During the time that the respondent was with her parents in Illinois, as the appellant testified, he never offered "to come and get her," and she never refused to return and live with him. While the respondent was in Chicago, the appellant wrote her from time to time that he would come and get her, but he never did so. The trial court expressly found

". . . that the separation of the parties was caused by the continued failure of the plaintiff to get the defendant and bring her back to Centralia, Washington, or to provide means for her transportation to Centralia, Washington."

The record does not show that the respondent at any time was guilty of any substantial fault, and does show that what misconduct there was was that of the appellant. The trial court found:

"That the difficulties arising between the parties

hereto have been occasioned by the gross neglect and misconduct on the part of the plaintiff and that the defendant is entirely without fault in the matter and has endeavored in all ways to be a faithful and loving wife to the plaintiff and has been a good mother for the child of the parties hereto.''

A divorce will not be granted against a party who is not at fault, and the fact, if it be a fact, that neither party has affection for the other, will not justify a decree. *Pierce v. Pierce,* 68 Wash. 415, 123 Pac. 598; *McMillan v. McMillan,* 113 Wash. 250, 193 Pac. 673.

The case of *Spute v. Spute,* 74 Wash. 665, 134 Pac. 175, has no application to the present situation because that case is based upon a provision in the statute as it existed prior to 1921, when it was amended (Laws of 1921, p. 331, § 1, Rem. Rev. Stat., § 982 [P. C. § 7501]) and the provision upon which the case was rested was taken out of the statute. The trial court properly refused to grant the divorce.

If the appellant, without cause, refused to live longer with the respondent after they had resumed marital relations, she was entitled to separate maintenance. *Motley v. Motley,* 117 Wash. 234, 200 Pac. 1099; *Sutton v. Sutton,* 145 Wash. 542, 260 Pac. 1076. That the appellant was the one that refused longer to continue the marriage relations, the evidence establishes beyond controversy. The appellant himself, upon cross-examination, testified:

''Q. Now since you people have gone back together you have told Mrs. Manggaard on various occasions to get out and you suggested that she go back home for Christmas, and so on and so forth, have you not? A. Yes. Q. And you wanted her to get out? A. I asked her to leave. Q. You asked her to leave? A. Yes. . . . Q. You don't answer my question. She wants to live with you, doesn't she? A. She appears to, in a way. Q. But you don't want to live with her? A.

No. . . . Q. Tried to be a good wife to you? A. Well, I guess she tried, yes.''

The case presented is a proper one for separate maintenance.

In the decree, it was provided that the appellant should pay into the registry of the court on or before the 15th day of each and every month the sum of thirty-five dollars as support money for the respondent and the minor child. There appears to be no serious complaint as to the amount, but some objection is made to the provisions of the decree relative thereto.

At the conclusion of the trial, the court in its oral opinion expressed some doubt as to whether there should be a monthly allowance or a division of the property, after which a colloquy took place between the court and the counsel for the respective parties, in which the counsel for the appellant indicated that a monthly allowance would be more advantageous to the appellant than a lump sum, and the only one to which he could respond, and suggested such an allowance with a lien upon his interest in the partnership property which he owned. The appellant was engaged in the business of operating a creamery with two others as partners. The result was the decree for a monthly allowance, and it was provided in the decree that the amounts there provided for should be a lien and charge against all the property of the parties.

It was further provided that the respondent should ''have all relief to enforce said judgment against the property, including the right of restrainment and injunction in order to satisfy said charges against said property.'' The injunctive feature has been specially objected to, but it will be noticed that there is no present injunction granted against the appellant, but it is only provided that, in case it becomes necessary to

enforce the judgment, the appellant shall be entitled to all relief, including the right of restrainment and injunction, which, under a proper state of facts, she would have had without it being embodied in the decree.

There is also objection to that provision of the decree which provides that the appellant in the month of January of each year shall furnish the respondent a statement showing the condition of the business which he was operating during the previous year and the profits and losses if any. We see no objection to this provision in the decree. The parties had not been divorced, the respondent retained her interest in the community property, and, as bearing upon the amount which the appellant should pay for separate maintenance of the respondent and the minor child, his earnings out of the business would be a material consideration.

The decree will be affirmed.

BEALS, C. J., TOLMAN, MILLARD, and GERAGHTY, JJ., concur.