[No. 28014. Department One. June 13, 1940.]

BLANCHE COHN, *Respondent*, v. REUBEN COHN, *Appellant.*[1]

*Geo. F. Yantis* and *Bayley & Crosen,* for appellant.

*Neal, Brodie & Trullinger,* for respondent.

[1]Reported in 103 P. (2d) 366.

SIMPSON, J.—This action was instituted by plaintiff to obtain a decree for separate maintenance on the ground that the defendant was living separate and apart from plaintiff without fault on her part. Defendant, by cross-complaint, sought to obtain a decree of divorce. On trial of the cause, the prayer of the defendant for a divorce was denied, and a decree of separate maintenance granted. The decree further provided for a division of the community property and the disposition of the future earnings of the defendant. Defendant has appealed.

The errors urged are in denying a divorce to appellant, in entering judgment for division of the community property, and in attempting to fix the status of the future earnings of the parties.

The court found:

"That plaintiff has endeavored to be a loving and dutiful wife and defendant failed to prove that plaintiff had been nagging and disagreeable in her treatment of him; that the physical difficulty complained of by defendant in his cross-complaint has been cured by a surgical operation and such impediment no longer exists.

"That at the time of the separation and continuing down to the time of trial both plaintiff and defendant have been nervous and highstrung; that defendant refuses to return to the home and live with plaintiff; that plaintiff has, however, given defendant no cause for divorce; that by reason of the mental condition of the defendant and his present attitude towards plaintiff it would be impossible for parties to live together."

We feel it unnecessary to set out the evidence produced in court concerning the troubles which existed between appellant and respondent. It is sufficient to say that we have read the contents of the pleadings and the statement of facts, and agree with the findings of the trial court with respect to denial of the prayer

for divorce and the grant of a decree of separate maintenance, based as they were upon conflicting testimony.

■   The next question concerns that portion of the decree which makes a division of the community property and provides for the disposition of the future earnings of the parties.   The statutes of this state do not give the courts power or authority to entertain actions for separate maintenance.   The authority of the courts to try and dispose of such actions is derived from their equitable powers.   *Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216; *State ex rel. Young v. Superior Court,* 85 Wash. 72, 147 Pac. 436; *Larson v. Larson,* 106 Wash. 305, 179 Pac. 841.

In *Kimble v. Kimble, supra,* and *Branscheid v. Branscheid,* 27 Wash. 368, 67 Pac. 812, we upheld the right of the superior court, in an action for separate maintenance, to determine the status of the property, that is, to ascertain which property belonged to the community and which was the individual property of each spouse.

In *Buttnick v. Buttnick,* 121 Wash. 211, 209 Pac. 6, and *Manggaard v. Manggaard,* 179 Wash. 232, 36 P. (2d) 811, this court held that the trial court had the power and authority to compel obedience to its decree of separate maintenance by impressing a lien upon the community property.

Separate maintenance is the allowance granted to a wife for the support of herself and children while she is living separate and apart from her husband.   The right to separate maintenance is grounded upon the fundamental legal duty of the husband to support his wife during the time that the marriage relation exists. Though a legal separation has been decreed, the marital relation still exists.   It anticipates that a future reconciliation may be brought about.   It is otherwise where a divorce has been granted.   In such case, the marital

relation is dissolved; and the husband, aside from the support commanded by the decree, is not compelled to care for his former wife.

The author in McKay on Community Property (2d ed.), 863, § 1337, states the situation which results from a decree of separate maintenance in the following manner:

"A suit for separate maintenance is based on the husband's general duty to maintain the wife, and his refusal to perform this general duty in a proper manner; the decree for separate maintenance merely makes specific this general duty, and directs certain definite payments to be made at regular intervals, for the wife's support; it does not imply a severance of the marriage relation, but the decree compels a 'specific performance' of the husband's legal duty to properly maintain the wife; it is in general, subject to modification, and may be set aside or modified at any time in the court wherein it was granted, on a showing that the conditions rendering it necessary no longer exist.

"In spite of the decree the parties are still husband and wife, and where the law imposes the marital partnership on persons who are husband and wife it is difficult to see why persons merely separated by decree, but still married, are not subject to the law of community imposed on married persons."

The general rule relative to the disposition of property in separate maintenance actions is stated in 30 C. J. 1093, § 906, as follows:

"In the absence of statutory authority, the court in a separate maintenance proceeding is generally without power to adjudicate the respective property rights of the parties; to enforce contracts between the parties relative to the disposition between them of property or the proceeds thereof; to order the husband to restore to the wife certain personal property belonging to her; to divide the property of the husband; to award the wife one half of the community estate; to change the course of inheritance or bar or affect the right of the wife to dower, distributive share, or widow's award;

or to award or set aside to the wife specific property of the husband or a specific portion of his estate; or permanently to divest the husband of the use of any property."

Of like import are *Lockridge v. Lockridge*, 3 Dana (Ky.) 28, 28 Am. Dec. 52; *Brown v. Brown*, 23 Wyo. 1, 146 Pac. 231; *Johnson v. Johnson*, 33 Cal. App. 93, 164 Pac. 421; *Decker v. Decker*, 56 Mont. 338, 185 Pac. 168; *Radermacher v. Radermacher*, 59 Idaho 716, 87 P. (2d) 461.

Our attention has been called to the contrary holding in some of the states, but we conclude that the general rule, as stated above, is more consistent with the theory of the action of separate maintenance and with the provisions of our statutes relative to the property of married persons.

The very nature of the property acquired during coverture, as determined by Rem. Rev. Stat., §§ 6890, 6891, 6892, and 6896 [P. C. §§ 1432, 1424, 1433, 1437], clearly indicates that community and individual property must retain its status and remain intact until such time as the marital relation shall cease to exist or the parties, themselves, voluntarily enter into proper agreement for the allocation of their properties, community and separate, upon some other basis.

We hold that, in an action for separate maintenance, the court may not divide the community property nor determine the ownership of the future earnings of either the husband or wife.

The case is reversed, with instruction to the superior court to make proper provision for the support and maintenance of respondent and her child.

BLAKE, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.