[No. 29208. Department Two. April 3, 1944.]

LOTTIE JENSEN, *Respondent,* v. JAMES JENSEN, *Appellant.*[1]

[1]Reported in 147 P. (2d) 512.

*Bryan & Arthur,* for appellant.

*James W. Bryan, Jr.,* and *John C. Merkel,* for respondent.

BLAKE, J.—Plaintiff brought this action for separate maintenance. Defendant countered with an action for divorce. Upon conflicting evidence the court entered a decree granting plaintiff separate maintenance in the sum of one hundred twenty-five dollars a month. Defendant appeals.

Appellant's assignments of error challenge (1) the sufficiency of the complaint, (2) the sufficiency of the evidence to sustain the findings, and (3) the disposition made in the decree of certain property located in Idaho.

■■ *First.* Appellant neither moved against nor demurred to the complaint in the lower court. He not only joined issue on its allegations but also filed a cross-complaint for divorce and went to trial on the merits. While the sufficiency of a complaint may be challenged at any time, it will, after trial and judgment, be most liberally construed. *Mosher v. Bruhn,* 15 Wash. 332, 46 Pac. 397; *Hall v. Woolery,* 20 Wash. 440, 55 Pac. 562; *Carey v. Hays,* 41 Wash. 580, 84 Pac. 581. Under such circumstances, a complaint will be deemed amended to conform to proof. *Rea v. Eslick,* 87 Wash. 125, 129, 151 Pac. 256:

"While the objection that a complaint fails to state a cause of action may be raised at any time (Rem. & Bal. Code, § 263; P. C. 81 § 233), we have often held that it may be waived by answering, going to trial and treating the complaint as stating a cause of action. In such a case, the complaint, though vulnerable to the general demurrer, will be deemed amended so as to state the cause actually tried."

■ *Second.* The court found "that the defendant . . . has by numerous cruel and annoying words, acts and deeds, made the home life of the plaintiff burdensome in the extreme because of his attitude, so that it has become impossible to continue the marital relationship, all without just cause or provocation; that he has become enamored of another woman and has shown in many ways and on many occasions that he has neither love nor affection for the plaintiff and is indifferent to the plaintiff, all without just cause or provocation."

The court could have found from the evidence, albeit contradicted, that, on specific occasions, the appellant struck and cursed respondent and informed her that another woman had come into his life. The findings were sufficient to support the decree (*Gibson v. Gibson,* 67 Wash. 474, 122 Pac. 15), and the evidence in fact *(Sabot v. Sabot,* 97 Wash. 395, 166 Pac. 624) and in law *(Sutton v. Sutton,* 145 Wash. 542, 260 Pac. 1076) was sufficient to support the findings, for facts upon which an action for divorce may be sustained are sufficient to support an action for separate maintenance. 27 Am. Jur. 13, 14, §§ 405, 406. *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385.

■ *Third.* Since their marriage the parties acquired certain personal property and several pieces of real estate in Idaho, which they still owned at the time of trial. The court included in the decree the following:

" . . . *that defendant be and he is hereby ordered and required to execute deeds, transferring to the plaintiff as her sole and separate property, all the real and personal property belonging to the parties or either of them in the state of Idaho;* that on full compliance with the order of the court, by executing and delivering said deeds, the defendant shall be relieved from making the monthly payments hereinbefore referred to,—after he shall have paid a total of $250.00 for support money for the months of July and August, 1943; in the event he shall fail to comply with the order of the court, said defendant be and is hereby ordered and required to continue making such monthly payments; . . ."

It was erroneous to include in the decree the italicized clause, for the court, in a suit for separate maintenance, had no power to make any disposition of the property of the parties (*Cohn v. Cohn*, 4 Wn. (2d) 322, 103 P. (2d) 366), except to impose a lien upon it to secure payment of the amounts awarded. *Buttnick v. Buttnick*, 121 Wash. 211, 209 Pac. 6; *Manggaard v. Manggaard*, 179 Wash. 232, 36 P. (2d) 811.

We can see no objection to the substance of the unitalicized clause. Standing alone, it merely accords appellant the privilege of terminating the one hundred twenty-five dollar monthly payments by transferring to respondent the real and personal property in Idaho. The provision, of course, does not, and could not, impress any lien on the Idaho property.

The cause is remanded, with direction to modify the decree as herein indicated.

SIMPSON, C. J., ROBINSON, and MALLERY, JJ., concur.

MILLARD, J. (dissenting)—I dissent. A divorce should have been granted.