[No. 29239. Department One. May 26, 1944.]

GEORGE CUMMINGS, *Appellant*, v. FLORENCE B. CUMMINGS, *Respondent*.[1]

*Sullivan & Pruzan* and *Henry C. Levinski*, for appellant.

*Jonson & Jonson*, for respondent.

SIMPSON, C. J.—Plaintiff instituted this action to obtain a divorce from defendant. Defendant, by cross-complaint, sought a decree of separate maintenance. After the trial of the case, defendant was granted a decree of separate maintenance. The decree provided that defendant be "awarded all right, title and interest of the community" in certain real property in King county and one 1939 Chevrolet pickup truck. Plaintiff appeals.

The only assignment of error is that the court erred in making an award of community property in the separate maintenance action.

The courts of this state do not have the right or power to dispose of community property when granting a decree of separate maintenance. *Cohn v. Cohn,* 4 Wn. (2d) 322, 103 P. (2d) 366; *Jensen v. Jensen, ante* p. 380, 147 P. (2d) 512. The extent of their jurisdiction in such cases, in so far as the community property interests of the spouses are concerned, is to impose liens to secure the payment of any awards which may be made.

[1]Reported in 149 P. (2d) 155.

Respondent contends that she is without funds to care for herself and her minor child, or to preserve the community real property, which is being purchased on contract, and the truck, which is in the possession of third parties. However, respondent's financial situation does not give her a right to a division of the property. The equitable power of the trial court enables it to provide for the necessities of respondent and the care and protection of the community property.

The judgment will be reversed and remanded to the superior court with instructions to take whatever steps it deems proper in order to protect the property of the parties to this action and to provide for the care of respondent and her child.

Respondent will recover the costs of this appeal.

BEALS, STEINERT, JEFFERS, and GRADY, JJ., concur.