[No. 30321. Department One. March 5, 1948.]

JOE I. CAMPBELL, *Appellant*, v. E. BELLE CAMPBELL, *Respondent.*[1]

*Simmons & McCann*, for appellant.

*Lee L. Newman*, for respondent.

MILLARD, J.—Plaintiff brought this action to obtain a divorce from defendant upon the grounds of cruel treatment and personal indignities rendering his life burdensome. Defendant, by cross-complaint, sought a decree of separate maintenance. Trial of the cause to the court resulted in decree dismissing plaintiff's complaint for divorce and awarding defendant separate maintenance in the amount of seventy-five dollars a month. The decree confirmed the property settlement of the parties and divided the community property between the spouses. Defendant was also awarded an attorney's fee in the amount of three hundred fifty dollars. Plaintiff appealed.

Appellant's assignments of error challenge the sufficiency of the evidence to sustain the findings and decree.

[1]Reported in 190 P. (2d) 716.

Appellant and respondent, who are fifty-two years old, were married to each other about twenty-eight years ago. Two daughters, who have attained their majority, are the issue of that union. During this marriage, and until a few months prior to commencement of this action, the parties lived together in happiness. The appellant was regularly employed as a mechanic. By their joint efforts, the spouses acquired a home in King county and a substantial amount of personal property consisting of money, shares of stock in corporations, etc. Respondent aided in building the house they occupy, even to the extent of assisting in shingling the roof. She also sawed wood for fuel, cared for their garden, and faithfully performed her duties as wife and mother. Appellant admits that respondent has been a good wife, a good mother, a good cook, and a good housekeeper, as well as being at all times frugal and industrious.

Until a few months prior to the commencement of this action, appellant was abstemious in the matter of intoxicating liquors. His wife and two daughters objected to use of intoxicants in their home. The daughters and their mother (respondent) learned that appellant was occasionally drinking intoxicating liquor, and that he hid his bottle under a chicken coop at their home. The father was chided for his conduct, but there was no violent quarrel because of this. Until two years ago, respondent was permitted to conserve the joint finances of this marital community. On his insistence, the management of the community funds was surrendered to appellant.

The acts of cruelty of which appellant complains are that respondent, who is fifty-two years old, refused to share a bed with appellant from the latter part of October, 1945, to the middle of March, 1946, and that she was in charge of the finances of the community until 1945. It fairly appears that respondent was ill during the period she did not share a bed with appellant, and that she slept on a daveno in the living room, while appellant occupied the bed in the bedroom.

In the spring of 1946, appellant departed from his home following a slight misunderstanding with respondent wife.

The parties were reconciled a few weeks later, but appellant shortly thereafter again departed from, and refused to return to, the home, although his wife still loves him and will welcome his return to her.

The evidence does not preponderate against the finding of the trial court that respondent, who is now exhausted and disabled by years of service in her fidelity to her husband, has not made the life of appellant burdensome by cruel treatment and personal indignities. The court correctly denied a divorce to appellant, and, also, correctly awarded separate maintenance to respondent.

Appellant assigns as error the award, as a property settlement, of community property to respondent in her action for separate maintenance. Respondent testified that the so-called property agreement of January, 1946, whereby she relinquished all claim "to all personal documents of appellant," and to an automobile, and appellant relinquished all claim to the house, furniture, etc., to respondent, was not accepted with any idea of a division of the community property. The agreement was never intended as a property settlement; in fact, it does not embrace, within its terms, all of the property of this marital community. It will be noted in her plea for relief that respondent prays that the property of the spouses be divided equitably by the court.

Courts of this state do not have the right or power to dispose of community property on granting a decree of separate maintenance. The extent of their jurisdiction in such cases, in so far as the community property interests of spouses are concerned, is to impose liens to secure the payment of any award which may be made. *Cummings v. Cummings,* 20 Wn. (2d) 703, 149 P. (2d) 155.

As the court may not, in an action for separate maintenance, divide the community property, the cause is remanded with direction to modify the decree in that regard. In all other respects the decree is affirmed.

Neither party will recover costs in this court.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and JEFFERS, JJ., concur.