[No. 34877.   Department One.   July 9, 1959.]

FLORENCE JENSEN, *Respondent,* v. BERT W. JENSEN, *Appellant.*[1]

[1]Reported in 341 P. (2d) 882.

*Jerry T. Haggarty* and *Allen Lane Carr,* for appellant.

*McCormick & Hoffman (Perry McCormick, Jr.,* of counsel), for respondent.

DONWORTH, J.—This is an appeal by defendant (who is the husband) and a cross-appeal by the plaintiff · (who is the wife) from a judgment against defendant in the sum of $1,600 for unpaid support payments and awarding the sum of $200 to plaintiff for attorney's fees in the proceedings.

On June 20th, 1956, the parties hereto entered into a property settlement agreement in contemplation of divorce. This agreement provided, among other things, that defendant should pay to plaintiff each month for her maintenance and support a sum equal to fifty per cent of his monthly net earnings, but in no event less than $400 per month.

On August 24, 1956, plaintiff initiated an action for separate maintenance. On August 30, 1956, the trial court, after a hearing pursuant to an order to show cause, directed that defendant pay plaintiff, as temporary support, fifty per cent of his future wages, but in no event less than $400 per month. A separate maintenance decree, incorporating that portion of the property settlement agreement relating to the maintenance and support of plaintiff, was entered on December 14, 1956. Thereafter, defendant filed a motion to set aside the decree of separate maintenance, which was denied after argument.

Pursuant to the terms of the separate maintenance decree, defendant made support payments through the month of July, 1957. Thereafter, defendant tendered to plaintiff monthly payments which were substantially less than those required by the decree. Subsequently, plaintiff petitioned the trial court to adjudicate the amount which defendant was in arrears under the terms of the decree.

At the trial, on plaintiff's petition, all evidence relating to defendant's earnings was excluded because the court concluded that the provision in its separate maintenance

decree, which awarded to plaintiff fifty per cent of defendant's future earnings, was void in that it constituted a distribution of property and held that the court, in a separate maintenance proceeding, had acted in excess of its jurisdiction in so providing. Consequently, the trial judge, in the instant proceeding, found in finding of fact No. 5:

". . . that defendant shall receive no credit for any over payments made on said monthly maintenance and support to plaintiff during the months from the entry of said Decree through July, 1957, if any. That pursuant to said Separate Maintenance Decree and the Property Settlement Agreement of the parties hereto, defendant has paid to plaintiff as and for her support and maintenance the sum of Two Thousand Dollars ($2,000.00) for the months of August, 1957 through April, 1958, inclusive, and that for said period of time pursuant to said Separate Maintenance Decree, defendant was required to pay to plaintiff for her support and maintenance the sum of Three Thousand Six Hundred Dollars ($3,600.00), being the sum of Four Hundred Dollars ($400.00) per month for nine (9) months, according to the provision in said Decree which provides that in no event shall the monthly support and maintenance defendant is required to pay to plaintiff be less than the minimum amount of Four Hundred Dollars ($400.00), regardless of defendant's gross earnings, and that defendant is in arrears in the sum of One Thousand Six Hundred Dollars ($1,600.00) for said period of time starting in August, 1957, through April, 1958."

Accordingly, judgment was entered against the defendant in the sum of $1,600 for unpaid support payments. Upon a finding that plaintiff was in necessitous circumstances, she was awarded $200 for attorney's fees in the proceeding. Defendant has appealed and plaintiff has cross-appealed.

Altogether, there are eight assignments of error, each party having made four. In view of the fact that seven of the assignments relate to a single question of law, no purpose would be served in listing each assignment separately. We shall therefore dispose of them by discussing the two questions presented.

All of plaintiff's assignments raise the issue of whether the trial court erred in classifying the award of fifty per cent of defendant's future earnings as a division of *property*. The answer to this question also disposes of all but one of defendant's assignments.

■ The trial court based its classification on the decision of *Cohn v. Cohn*, 4 Wn. (2d) 322, 103 P. (2d) 366 (1940). The *Cohn* case came before this court on the issue of whether the trial court had the power to dispose of the property of the parties in a separate maintenance action or not.[2] In that decision we approved the rule stated in 30 C. J. 1093, § 906, as follows:

" 'In the absence of statutory authority, the court in a separate maintenance proceeding is generally without power to adjudicate the respective property rights of the parties; to enforce contracts between the parties relative to the disposition between them of property or the proceeds thereof; to order the husband to restore to the wife certain personal property belonging to her; to divide the property of the husband; to award the wife one half of the community estate; to change the course of inheritance or bar or affect the right of the wife to dower, distributive share, or widow's award; or to award or set aside to the wife specific property of the husband or a specific portion of his estate; or permanently to divest the husband of the use of any property.' "

■ We think that the rule stated in the *Cohn* case has no application here. In the case at bar, the property settlement agreement between the parties themselves stated that the fifty per cent payment was for plaintiff's *maintenance and support*. The separate maintenance decree provided:

"It Is Further Ordered, Adjudged and Decreed, that the property settlement agreement heretofore executed by the parties and filed herein, marked Exhibit 'A' be and the same is hereby confirmed and approved *insofar as said agreement relates to the maintenance and support* of the plaintiff . . ." (Italics ours.)

---

[2]The effect of the *Cohn* case, *supra,* has been changed by Laws of 1949, chapter 215, § 12, p. 702. (RCW 26.08.120)

Clearly, the provision just quoted is for maintenance and support rather than a part of a property settlement. There is no difference between making support provisions based on a percentage of defendant's earnings, and in specifying a definite monthly amount. In *Berry v. Berry*, 50 Wn. (2d) 158, 310 P. (2d) 223 (1957), we stated:

"If, as in this case, the parties designate certain payments as support money, such designation, when it becomes part of a decree, will be accepted as representing the intention of the court unless other portions of the decree make it apparent that the payments were intended as part of a property settlement. . . .

" . . .

"The fact that the amount to be paid is not fixed and certain but is dependent upon the earning capacity of the husband, does not prevent its being alimony or support money. . . ."

■ The only question remaining is that raised by defendant's assignment of error No. 2, which challenges the trial court's finding of fact No. 6:

"That plaintiff is in necessitous circumstances and has no funds with which to pay her attorney in these proceedings."

Defendant's position is that, since plaintiff had $1,250 in her possession at the time of the hearing, this fact conclusively negated any finding of "necessitous circumstances."

Defendant ignores the fact that the $1,250 was made up of uncashed checks received from plaintiff as support payments and constituted part of the $2,000 for which he was allowed credit. The checks had not been cashed on the advice of her attorney. Plaintiff further testified that she had but thirty dollars in cash and owed numerous debts and taxes and had borrowed money "to get along in the meantime."

The trial court did not abuse its discretion in awarding attorney's fees of $200 to plaintiff.

We hold that the trial court correctly provided for support and maintenance in its separate maintenance decree, irrespective of the fact that the monthly amounts were

to be determined by a percentage of defendant's earnings. Therefore, the order appealed from must be reversed in part, and the case remanded to the trial court with instructions to receive testimony with respect to defendant's earnings from August, 1957, through April, 1958, for the purpose of computing, in accordance with the views expressed herein, the additional amount of support money owed by defendant to plaintiff. That portion of the order awarding plaintiff the sum of $200 as attorney's fees is affirmed. Cross-appellant shall recover her costs in this court.

It is so ordered.

WEAVER, C. J., MALLERY, OTT, and HUNTER, JJ., concur.

November 12, 1959. Petition for rehearing denied.

[1]Reported in 341 P. (2d) 857.